Allen C. Mason, *Appellant*, v. Annie M. McLean *et al.*, *Respondents*.

WILLS — REVOCATION — DECREE — ERRORS NOT APPARENT ON
RECORD — ATTORNEY FEES.

A will devising all the testator's real estate to his wife, and which expressly declares that it is the last will and testament of the testator, cannot be construed as a codicil to a former will whereby all the real estate was devised to the wife, and certain sums bequeathed to the children, but such former will is necessarily revoked by the last one; and the last will not naming or providing for the children is inoperative as to them.

A decree vesting one-half of community property in the children of a testator remains unaffected by the setting aside of a decree rendered in the same cause upon proceedings in intervention declaring the rights of the parties to be as decreed in the original action, except that the interests of all parties should be subject to the lien of a certain mortgage.

The refusal of the court to grant a motion for a default for failure to answer within the prescribed time will be presumed to have been based upon a showing of good and sufficient cause therefor, in the absence of any showing to the contrary in the statement of facts

In the absence of any showing or allegation in the statement of facts that the appointment of a guardian *ad litem* for certain children was made without any application therefor on their part, it will be presumed that the appointment was regularly made.

A judgment against plaintiff, on the dismissal of his action in ejectment, for $125 attorney fees, on the ground that plaintiff knew at the time of instituting suit that certain of the defendants were infant children for whom it would be necessary for the court to appoint a guardian *ad litem,* is erroneous.

*Appeal from Superior Court, Lewis County.*

*James Wickersham,* for appellant.

*J. H. Naylor* (*M. Yoder,* guardian *ad litem*), for respondents.

The opinion of the court was delivered by

Scott, J. — On the 31st day of August, 1883, one James L. Holbrook made a will devising all of his real estate to his

wife, Charlotte E., and providing that each of his seven
children, naming them, should have the sum of $10.   On
the 7th day of July, 1883, he made a second will, in which
he devised his real estate to his said wife and appointed
her executrix without bond, and provided that the estate
should be settled without the intervention of the probate
court, except to admit the will to probate, and did not
make any provision for his children therein, or name them
in said last will.

After the decease of the testator, and on the 12th day of
October, 1883, said second will was admitted to probate
by the probate court of Lewis county in the then Territory
of Washington, upon the petition of the said Charlotte
E. Holbrook.   Subsequently, on the 6th day of April,
1884, the first will was also admitted to probate in said
court, upon a like petition, and upon the testimony of wit-
nesses to the effect that the testator intended that the two
wills should stand as one instrument, the last one as a codi-
cil to the first, said instruments were thereafter treated
as one will, whereby all the real estate was given to the
wife of the deceased.   It is admitted that all of such real
estate was the community property of the said James L.
and Charlotte E. Holbrook.   Sometime after this, Mrs.
Holbrook married a man by the name of Shaw, and on the
28th of December, 1885, she and her then husband made
a mortgage to one Simmons, to secure a loan of $2,500,
obtained from him on said real estate, the appellant guar-
anteeing the payment of said loan.   The mortgagors did
not pay the loan in question.   In March, 1887, five of the
children of said testator began a suit against said Charlotte
E. and her then husband, the two remaining children, and
Simmons, the mortgagee, in the district court of Lewis
county, claiming title as heirs of said James L. Holbrook,
and seeking a decree declaring the children to be the own-
ers of an undivided half of the land in question, and ask-

ing that the mortgage made to Simmons be declared a lien only upon the other half owned by their mother. This suit was begun upon the theory that the acts of the probate court in admitting the wills to probate, and its proceedings thereon, were void.

On the 6th day of February, 1888, Mrs. Shaw entered into a stipulation with the children whereby it was agreed to place the real estate in the hands of a receiver to be appointed by the court, for the purpose of selling it at not less than $6,000, and it was further agreed that this money should be divided, one-half to Mrs. Shaw and one-half to the children; but that the Simmons mortgage should be paid out of Mrs. Shaw's half.   On the 10th day of February, 1888, the district court made a decree in conformity with the stipulation, and decreed the children to be the owners of an undivided half of the lands described, and appointed a receiver to sell the lands.   No further action was had under the decree, the receiver appointed not qualifying.

On September 6, 1888, Mrs. Shaw, who was then a widow again, made a quitclaim deed of all the lands in question to the appellant, who, on November 30, 1888, paid the Simmons mortgage and secured the discharge thereof. On the 30th day of January, 1889, the appellant filed in said district court a petition to intervene in said action, setting up his title and the Simmons mortgage, and alleging that the stipulation of February 6, 1888, entered into between the children and Mrs. Shaw, was fraudulent in character.   He was allowed to intervene as the successor in interest of Simmons and of Mrs. Shaw.   August 19, 1889, a decree was entered in this proceeding in intervention, whereby it was declared that the rights of the parties in the original action were as stated and declared in the decree entered on the 10th day of February, 1888, except that the interests of all of said parties were subject to the

lien of said Allen C. Mason, for the amount paid by him
in procuring the satisfaction of the mortgage to Simmons.

On May 2, 1890, in pursuance of a petition filed by the
plaintiffs in the original action—the children aforesaid—
the decree upon the proceedings in intervention was found
to have been wholly unauthorized and illegal, and it was
vacated and set aside.    Whereupon said children entered
upon and took possession of the real estate, and this action
was brought by the appellant in ejectment to oust them
therefrom.    A trial was had which resulted in a judgment
in favor of the defendants, and plaintiff appealed to this
court.

We are of the opinion that the second will could not be
held to have been intended as a codicil to the first, under
the circumstances.    It was expressly declared in the instru-
ment itself to be the last will and testament of the testator.
The proof upon which the same was found to have been
intended as a codicil was clearly incompetent.    The children
not having been named in the said will, under the previous
holdings of this court, it was inoperative as to them; and
upon the death of the testator one-half of the community
lands vested in the children, the first will having been re-
voked by the subsequent one.

Furthermore, if the appellant wanted to insist that the
lien of the Simmons mortgage covered the entire land, he
should have sought to preserve his rights therein by a fore-
closure thereof, and not by taking a deed to the premises
and paying off the mortgage.    This deed from Mrs. Shaw
was taken after she had entered into the stipulation with
the children, and after the decree rendered thereon in the
suit instituted by the children, and appellant took his deed
to said lands with full notice of all the rights of the parties
therein.

It is contended by the appellant that the decree rendered
upon his proceedings in intervention had the effect of set-

ting aside and vacating the decree previously entered in the original action brought by the children, and that the action of the court in setting aside the decree rendered upon the proceedings in intervention did not have the effect of reviving the former decree, but left said action as though the same had never been determined in any way. It is further contended by the appellant that the defendants in this action were estopped from attacking the decree rendered in favor of the appellant in his proceedings in intervention, for the reason that the same was rendered upon the consent of all parties.

As to the first proposition, we do not think that the judgment had the effect of setting aside the decree previously rendered. In fact it purported to keep the same alive, except that the rights of the appellant, insofar as he had obtained any rights to said lands by the payment of the mortgage, were held paramount to those of all the parties; and when the proceedings in intervention were set aside, the effect thereof was to allow the original decree to stand as made. As to the second proposition, we find nothing in the record to justify the contention upon the part of the appellant that said decree was rendered in pursuance of an agreement by the parties to said action, sufficient to hold that they were estopped from attacking the same, even if such a defense were available in this action.

Error is alleged upon the refusal of the court to grant a motion made by the plaintiff for a default against the defendants, on the ground that they had failed to answer or plead within the time prescribed after service. This much appears by a transcript of the record showing the order of the court denying the motion for a default and the exception of the plaintiff thereto. The record is silent as to whether any showing was made upon which the court based its action in refusing to grant the motion. Sec. 413, Code Proc., provides that the court may in its discretion set aside

any default upon an affidavit showing good and sufficient cause therefor. We cannot presume, under the circumstances, that the court arbitrarily refused to grant the plaintiff's motion for a default, without any showing by the defendants as to why the same should be refused. Doubtless the same reasons which would authorize a court to set aside a default would justify it, if then made to appear, in refusing to grant the default in the first instance, and the presumption must be in this case that the action of the court in the premises was warranted by a showing made at the time. Were the fact otherwise, it would be necessary for the appellant in settling a statement of facts to incorporate the proceedings of the court in this particular in the statement, with an allegation that said ruling was made without any showing by the defendants as to why the motion should not be granted. But the statement of facts does not contain this nor any allegation with reference thereto.

Error is alleged as to the appointment of a guardian *ad litem* for the minor children. The appellant alleges in his brief that such guardian was appointed by the court upon its own motion, without any application or consent therefor by the children, and the appellant alleges that as some of said children were over fourteen years of age, the court could not assume to act arbitrarily in the premises. This point is made to appear in the record in the same way as the preceding one, and there is no showing or allegation in the statement of facts which was settled, that a request for such appointment or petition therefor was not made by the children, and consequently it will be presumed that the appointment was regularly made.

Error is alleged as to the action of the court in allowing the defendants an attorney fee of $125 against the appellant. Certain findings of fact were made by the court in this case, wherein it was found that, by virtue of the decree

made as aforesaid on the 10th day of February, 1888, in the former action, the children were the owners of an undivided half of all of said real estate, and that said parties, including Simmons, were all regularly before the court, and that the mortgage executed to Simmons was a lien only upon the half of said estate which went to the wife; and it was found that said decree of February 10th was still in full force and that the appellant in this action took nothing by virtue of the mortgage and the deed of said lands as against the half so found to be owned by the children; that the attempted probate of the paper writing purporting to be the first will of said Holbrook was absolutely null and void.   It was ordered and adjudged that the action in ejectment be dismissed, and that, as the plaintiff in said suit had knowledge when he instituted it that part of the defendants were infant children in whose defense it became necessary for the court to appoint a guardian *ad litem* and attorney, it was ordered and adjudged that he should pay to said guardian and attorney the sum of $125, together with all costs of suit.   The judgment concludes with the following clause: "To which findings of fact and of law and the judgment and order of this court, the said Allen C. Mason, plaintiff, by his counsel, in open court, duly excepted, and the exception is noted and allowed."   There was nothing said in the findings of fact with reference to this sum allowed the guardian *ad litem*, he being the attorney also for such minor children.   We do not think it can be held that the exception in this instance specifically called the court's attention to the error in allowing said attorney's fee.   We are clearly of the opinion that the court had no right to render any judgment therefor.   No motion to modify the judgment was made; and, for aught we know, this particular matter was never called to the attention of the court in any way, unless it can be held that the court's attention was called thereto by the exception taken as afore-

said. This exception is general in its nature, and specifies no grounds wherein said judgment is erroneous. The first appearance of any special objection to the so called attorney's fee is contained in appellant's brief in this court. Under the circumstances, as the action of the court was clearly erroneous in rendering judgment for said attorney's fee, it will be stricken from its judgment, and the same modified to such extent. But the appellant should not recover the costs of this appeal.

It might be well to add that were the appellant to recover costs in this court, none would be allowed for the transcript, owing to the imperfect condition in which we find the same. No index is annexed thereto, as required by the rules of the court, although it purports to contain an index which, however, is very defective and insufficient. It has been of no benefit whatever in assisting the court to go through and investigate the voluminous record. Furthermore, nearly all of the proceedings in all of said matters are set forth three times in the record. This includes all the pleadings, with the various orders of the court thereon, and the documentary evidence introduced, and has resulted in bringing up a voluminous record, two-thirds of which is entirely unnecessary and has only served to embarrass the court in its investigation of the cause. Had the same been called to the attention of the court prior to the argument, no hearing would have been permitted thereon in its then imperfect state, and appellant most likely would only have been permitted to correct the same on terms.

Judgment affirmed, except as to the attorney's fee of $125 aforesaid, which is disallowed and stricken out.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J., concurs in the result.