[No. 2248.   Decided November 5, 1896.]

W. H. PLUMMER, *Appellant*, v. R. WEIL, *Respondent*.

MOTION FOR DEFAULT — BILL OF PARTICULARS — AMENDMENT — PLEAD-
ING — DISMISSAL OF ACTION.

Where a motion for default for failure to plead within the time ordered by the court has been denied, it must be presumed on appeal that sufficient was shown to justify the exercise of the court's discretion in that regard.

The filing by defendant of a motion for a bill of particulars is sufficient, *ipso facto*, to extend the time for answering.

When a bill of particulars furnished by plaintiff pursuant to an order of the court is insufficient, the court has authority to order him to file a further and amended bill of particulars.

In an action by an attorney to recover the value of professional services he may be required to particularize the services and the value of each item, and his failure to keep an account thereof cannot be set up as an excuse for not complying.

Under Code Proc., § 409, authorizing the dismissal of an action by the court, for disobedience of the plaintiff to an order concerning the proceedings in an action, the court is warranted in dismissing an action upon the failure of the plaintiff to comply with an order directing an amended bill of particulars to be furnished.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge.   Affirmed.

*W. J. Thayer*, for appellant.

*Graves, Wolf & Graves*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This action was brought to recover

for professional services alleged to have been performed by the law firm of Plummer and Thayer, at the instance of the defendant (respondent) during the years 1892, 1893 and 1894. The complaint alleges that the services were reasonably worth the sum of one thousand dollars, and that the sum due therefor was, prior to the commencement of this action, assigned by said firm to the plaintiff (appellant herein). The record shows that a so-called bill of particulars had been furnished defendant's counsel upon demand, and that, not being satisfied therewith, they moved the court for an order directing the plaintiff to furnish an amended bill. This motion was allowed and the order granting it directed that the defendant should plead " within five days after the service of said bill of particulars." It appears that the clause fixing the time within which defendant was required to plead was inserted by plaintiff and there is some disagreement between counsel as to whether the attorneys for defendant had any knowledge of the insertion of this clause, but we deem that question wholly immaterial in view of the subsequent action of the court. On the same day, namely, January 18, 1896, an amended bill was furnished, and thereafter on January 24th, the plaintiff filed his motion for default supported by affidavit showing the service of his amended bill on January 18th, and that the defendant had failed to plead thereto within five days as directed by the order of January 18th. On the same day that default was claimed, the defendant moved the court for an order requiring plaintiff to furnish a more particular statement and bill of particulars, and thereupon the court denied plaintiff's motion for a default, and granted defendant's motion for a further and amended bill, and plaintiff having refused to

furnish the same and elected to stand upon the record, a judgment of dismissal was entered, from which this appeal was taken. The appellant assigns as error: (1) the order of the court denying his motion for default, (2) the order of the court requiring plaintiff to further amend his bill of particulars, (3) the order dismissing plaintiff's action.

1. As already observed, a difference exists between the parties as to whether counsel for the defendant had any knowledge of the order of January 18th which required defendant to plead within five days after the service of the amended bill of particulars upon him. But the lower court denied appellant's motion for default, and it must be presumed that sufficient was shown to justify the exercise of its discretion in that regard. *Mason v. McLean*, 6 Wash. 35 (32 Pac. 1006).

Appellant further contends that the filing of a motion for a bill of particulars does not *ipso facto* extend the time for answering. We think the authorities do not sustain this contention. (3 Enc. Pl. & Pr., p. 548.) Besides in this case the order did fix the time in which defendant was permitted to plead and operated as a stay.

2. That the court has authority to order a further and amended bill of particulars, where the one already furnished is insufficient, is a proposition which cannot well be doubted. *Isham v. Parker*, 3 Wash. 755 (29 Pac. 835).

In the bill of particulars furnished plaintiff says that no account was kept of the transactions with defendant, and further that "it is impossible for him to comply with the order of the court any better than he has already done or to make said bill of particulars any more specific on the points directed in the order

of the court." Plaintiff has sued to recover the value of professional services, but when asked to particularize the services, he replies that he kept no books, and is unable to do so except as to particular items of service, the dates of which he does not undertake to give, —other than to state that they were performed during the years 1892, 1893 and 1894,—and the value of which items of service he refuses to specify. We think the bill of particulars furnished was insufficient, and its insufficiency cannot be excused upon the ground that plaintiff kept no books and cannot specify the services or state their value. He assumed the burden of so doing when he brought his action in the present form.

"The burden of proof is on him to show in what the services consisted and their value . . . The failure to keep an account of these services is the fault of the plaintiff, and he must suffer for it, if any one." *Hughes v. Dundee Mortgage and Trust Investment Co.,* 21 Fed. 169.

It is probably true that under the circumstances stated plaintiff might maintain an action to recover an annual retainer (*Hughes v. Dundee Mortgage and Trust Investment Co., supra*), but the complaint in the present case lacks the necessary allegations to entitle plaintiff to such recovery.

3. Sec. 409, Code Proc. (vol. 2, Hill's Code), provides that —

" An action may be dismissed or a judgment of non-suit entered . . . by the court, for disobedience of the plaintiff to an order concerning the proceedings in the action,"

and the court acted rightly in dismissing the action upon failure of the plaintiff to comply with the order

directing an amended bill of particulars to be furnished.

We regret that we feel compelled to notice another feature of the case. The brief of counsel for the respondent refers to the appellant in language that is grossly improper and unseemly. The intimation is that plaintiff is guilty of attempting " to mislead and circumvent the court and honest attorneys by chicanery and fraud." We find nothing in the record tending in the slightest degree to support the insinuation, or which furnishes any justification for this rude assault upon an honorable and upright member of the bar in whose professional integrity this court has full and entire confidence. To say that it constitutes a grave breach of professional courtesy is to characterize it mildly.

" Where the character of the parties or the attorneys is not involved in the case, all references and comments of a personal nature, by a party in his briefs, are entirely out of place, and are in the nature of an admission that there is not sufficient merit in his side . of the controversy to warrant him in relying thereon, and hence that it is necessary to direct attention to the faults or failings of the adverse party or his attorney. It is not complimentary to a court to suppose that such statements would divert its attention from the points at issue, or be given the slightest weight." *Flannagan v. Elton,* 34 Neb. 355 (51 N. W. 967).

We will add that an impropriety so flagrant will in future be regarded as sufficient to require that any brief containing such objectionable matter shall be stricken from the files.

The judgment will be affirmed, but respondent will not recover costs for the printing of his brief.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.