[No. 6494.  Decided March 9, 1907.]

THOMAS H. BARDON, *Appellant*, v. GEORGE F. D. HUGHES
et al., *Defendants and Appellants*, and H. B. KENNEDY
et al., *Respondents.*[1]

APPEAL—RECORD—NECESSITY OF INCORPORATING PLEADINGS.  Where
the appellant's pleadings in the court below are not brought up in
the record on appeal, and the evidence before the supreme court
is insufficient to enable the court to make a satisfactory review of
the controversy in the absence of the pleadings showing the issue,
the judgment will be affirmed.

APPEAL—REVIEW—DISCRETION.  The denial of a motion for de-
fault, when there was an answer on file before the ruling was made,
will not be reviewed on appeal in the absence of a clear showing of
abuse of discretion.

TAXATION—FORECLOSURE—OWNER AS DEFENDANT.  An action to
foreclose a tax lien may be brought against the actual owner, if
known, although he is not the owner shown by the tax rolls or
certificate of delinquency.

SAME—SUMMONS—AFFIDAVIT FOR PUBLICATION.  An allegation in
an affidavit for the publication of tax foreclosure summons that the
plaintiff is "unable to find either the residence or postoffice addresses
of defendants" is equivalent to stating that the place of their resi-
dence is unknown, and is sufficient.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered July 5, 1906, upon findings in
favor of the defendants, after a trial on the merits before the
court without a jury, in an action to quiet title.  Affirmed.

*S. S. Langland,* for appellant.

*A. C. Macdonald,* for respondents.

HADLEY, C. J.—This action was brought by Thomas H.
Bardon against a number of persons, to quiet the title in
him to lot 7 and the north thirty feet of lot 8, block 40, as
shown upon the plat of Central Seattle, an addition to the

[1]Reported in 88 Pac. 1040.

city of Seattle. It seems to be conceded that the above states the purpose of the complaint, but as the record before us does not contain a copy of the complaint, we are not advised as to the allegations therein contained. Not only does the record fail to show the complaint, but no replies of plaintiff to answers in the record appear. The issues disclosed by the only pleadings in the record before us are the following: Defendants Hughes and wife filed a pleading in the cause, denominated "Answer and complaint to defendants H. B. Kennedy and wife." They allege that Hughes and his wife are the owners of the above described lot 7; that Kennedy and wife claim to be the owners by virtue of a purported tax deed delivered to them by the treasurer of King county about January 7, 1905; that said deed is based upon certain tax foreclosure proceedings which were void; that in October, 1904, the defendant Kuhnhausen commenced an action to foreclose a certificate of delinquency on said lot; that the action was commenced against the defendant L. J. Pettifer, but not against the owner or reputed owner as described in the certificate of delinquency or on the assessment roll of the county; that the only process attempted to be served in said foreclosure was a pretended service by publication, which was void; that no affidavit stating facts sufficient to authorize service by publication was ever made in said cause; that long prior to the commencement of said action and ever since, said Pettifer and wife resided in Seattle, King county, Washington; that for reasons above stated the court acquired no jurisdiction, and the decree of foreclosure was void. The tax deed from Kennedy and wife is based upon the said foreclosure proceedings, and the pleading of Hughes and wife filed in this cause seeks to have said tax declared void.

Kennedy and wife filed a pleading which is denominated "Answer of H. B. Kennedy and wife to answer and complaint of George F. D. Hughes and wife." This pleading contains certain admissions and denials, and affirmatively alleges that service of notice and summons in the tax foreclosure case

was duly made upon the owners and upon all persons interested in the property, as the law requires; that no one of the defendants in said action made any appearance therein, and an order of default was duly entered. The regularity of the judgment, sale, and deed are duly averred, and prayer is made that said Kennedy and wife shall be adjudged to be the owners of said property, and that their title shall be quieted as against said Hughes and wife, and also against the plaintiff or any persons claiming through the plaintiff or any of the defendants.

The cause was tried by the court without a jury, and resulted in a decree of the following import: That Hughes and wife are the owners in fee of the north thirty feet of said lot 8, and the west three feet of lot 7; also that Kennedy and wife are the owners in fee of lot 7, less the west three feet thereof. Certain other provisions of the decree relate to issues which presumably were formed between the plaintiff Bardon and the defendants Hughes and wife and other defendants. The defendants Hughes and wife and the plaintiff have separately appealed.

As already stated, the issues between appellant Bardon and the other parties are not disclosed by the record, and there is, therefore, nothing here which we can properly review in his behalf. It is true there is evidence before us which must have been intended to meet issues tendered by appellant Bardon, and there are also findings of the court thereon, but these are insufficient to enable us to make a satisfactory review of the controversy between Bardon and the other parties, in the absence of the pleadings. The pleadings are necessary to show just what the controversy is. A clean-cut view of the dispute between the parties cannot be had in the absence of the pleadings, and without them as guide lights, our examination of the evidence and findings must in a measure lead us into confusion. So far as the appeal of Bardon is concerned, the judgment is therefore affirmed.

Appellants Hughes and wife assign as error that the court denied their motion for a default of respondents Kennedy and wife for failure to answer the said appellants' answer and cross-complaint. Respondents assert that they had a motion to strike from appellants' answer pending and undetermined at the time the motion for default was made. The record here does not verify the statement, but in any event there was an answer on file before the ruling upon the motion for default, and in the absence of a clear showing in the record to the contrary, we shall presume that the court was fully advised and that circumstances were such that there was no abuse of discretion. *Mason v. McLean,* 6 Wash. 31, 32 Pac. 1006.

Appellants Hughes and wife make certain assignments of error which relate to the court's findings and conclusions concerning a certain note and mortgage made by said Hughes and wife to another codefendant. It was held that the appellant Bardon has certain rights in the note and mortgage, and the appellants Hughes and wife objected thereto. We cannot review these matters, however, for the reason, as above stated, that the issues under which the court acted in matters affecting appellant Bardon do not appear in the record.

The principal assignment of error made by appellants Hughes and wife relates to the sufficiency of the tax title held by respondents Kennedy and wife, as to a part of lot 7. It is contended that, as the action to foreclose the tax lien was not brought against the person shown by the tax records to be the owner, the proceedings were therefore void. A number of decisions of this court are cited where it was held that the tax foreclosure proceeding is *in rem;* that the owner shown by the tax rolls and certificate of delinquency is a proper person to proceed against, and that notice to him should be taken as sufficient notice to the actual owner. It was not held, however, that, if the suit is brought against the actual owner when he is known, it is insufficient. We can see no reason in principle why it should be so held. The

actual owner is the person interested, and if suit is brought against him it is in his favor, since he is more apt to receive personal knowledge of the pending action when so brought than when brought merely against the tax-record owner. The actual owner was defendant in the action here criticized. If he was served in the manner provided by law, he is therefore bound by the proceedings. Objection is made, however, to the affidavit for the publication of summons. It is urged that it was not sufficient upon the subject of nonresidence. It stated that diligent search and inquiry was made to ascertain the whereabouts of the defendants, and their respective addresses and postoffices; that the affiant believed that the defendants were not residents of King county or of the state of Washington, and that they could not be found therein; that the affiant was unable to find either the residence or postoffice addresses of the defendants. It is urged that the affidavit did not state that the place of residence was not known. It is true those words were not used, but we think, as the trial court held, that the words "unable to find either the residence or postoffice addresses of defendants" were the fair equivalent of saying that the residence was unknown.

We therefore think the court did not err in the suit at bar when it sustained the tax title in favor of respondents Kennedy. The judgment is in all respects affirmed.

MOUNT, RUDKIN, CROW, and DUNBAR, JJ., concur.

ROOT, J., took no part.