*In the Matter of the Estate of* SAMUEL L. BOWMAN,
*Deceased.*

ZECHARIAS L. BOWMAN, *Appellant*, v. GRACE VAUGHN
BOWMAN, *Individually and as Executrix,*
*et al., Respondents.*[1]

*Vanderveer & Bassett,* for appellant.

*Wingate & Stuffel* and *Greene & Henry,* for respondents.

HERMAN, J.—This is an action brought in the superior court for King county to contest what is alleged to be the last will of Samuel L. Bowman, deceased. The petition for revocation of probate alleged that Samuel L. Bowman died in Seattle, King county, Washington, April 19, 1931, leaving as his surviving heirs his widow, his brother, Zecharias L. Bowman, who is the petitioner herein, and eleven nieces and nephews. The probable value of the estate subject to administation in the county where the proceeding is

[1]Reported in 16 P. (2d) 621.

brought is alleged to be more than five hundred thousand dollars. October 22, 1931, a citation was served on the executrix, and a return of not found was made by the sheriff as to the other legatees.

November 19, 1931, the court entered an order requiring the petitioner to furnish a bill of particulars on or before a certain date. The court dismissed the petition for revocation of probate by reason of the failure of the petitioner to furnish the bill of particulars within the time allotted by the court. Thereafter, the petitioner moved for an order of the court vacating the order dismissing his petition. The superior court denied the motion for an order to vacate the order of dismissal. From that order, the petitioner has appealed.

Appellant was being represented by the law firm of Vanderveer & Bassett. Mr. Bassett had charge of the matter. November 30, 1931, the day after the order requiring appellant to furnish a bill of particulars was entered, Mr. Bassett was stricken with acute appendicitis and underwent an operation, as a result of which he was confined to the hospital until November 30, 1931. His physician instructed him to remain at home and do no work for at least a week after leaving the hospital.

The firm of Vanderveer & Bassett consists of the two members whose names it bears, and no other lawyers or law clerks are associated with them in their law practice. Because of Mr. Bassett's illness, the work of Mr. Vanderveer was very much increased, and during all of the times herein mentioned he was extremely busy. While at the hospital, Mr. Bassett arranged to have Mr. Roy DeGrief, another member of the bar, explain to the attorney for the surviving widow and to the court Mr. Bassett's reason for not filing the bill of particulars within the ten days allotted

by the court, and to request that the time be extended until Mr. Bassett could resume his duties.

December 1, Mr. DeGrief appeared in open court, stated that Mr. Bassett was ill as the result of an operation, and requested that the time be extended for filing the bill of particulars. The court set December 4, 1931, as the time within which the bill of particulars was to be furnished. None having been furnished at that date, the court entered an ex parte order directing "that the bill of particulars be furnished on Monday, December 7, 1931, on or before twelve o'clock noon, or on failure so to do, that a judgment of dismissal of the petition be granted." This order Mr. Suffel, one of the attorneys for the surviving widow, served upon Vanderveer & Bassett the day it was entered, by leaving a copy thereof with one of the secretaries of that firm.

December 7, 1931, at three minutes past twelve o'clock noon, no bill of particulars having been furnished, the court entered a formal order dismissing the appellant's petition. Later, appellant moved to vacate the order of dismissal, and the bill of particulars was filed December 18, 1931. Two hearings were held; the first was upon affidavits, and at the second appellant was present and testified orally. The court thereafter denied the motion to vacate the order of dismissal.

Appellant has made several assignments of error, but the controlling question is: Did the court err in dismissing the appellant's petition for failing to furnish a bill of particulars within the time allotted by the court?

In *McDonald v. McDonald*, 119 Wash. 396, 206 Pac. 23, the court refers to and discusses the law relative to a refusal to comply with a demand for a bill of particulars. There the court said:

"The bill of particulars was furnished and the interrogatories were answered, the objection being that the one was not timely furnished nor the others timely answered. But an excuse was offered for the delay, sufficient, we think, to warrant the court in exercising the discretion it has in such matters. The penalty the statute imposes for failure to comply with a demand for a bill of particulars, or to answer interrogatories, is severe; it precludes the party from offering evidence on the matters to which they relate. Where, therefore, the failure to comply strictly with the statute is not wilful or contumacious, and the opposing party is in no manner injured by the delay, a reasonable excuse for the delay ought to suffice, and here, as we say, such an excuse was offered."

It is true Judge Gordon wrote an opinion in the case of *Plummer v. Weil,* 15 Wash. 427, 46 Pac. 648, which stated:

"The court acted rightly in dismissing the action upon failure of the plaintiff to comply with the order directing an amended bill of particulars to be furnished."

An investigation of the case cited discloses that it properly belongs to that category of cases which are dismissed because of palpable disobedience. Our statutes have long authorized the court to dismiss proceedings because of the disobedience of a plaintiff to an order of the court concerning the proceedings in the action, but this court has consistently held that the disobedience must be palpable, wilful or contumacious.

There is nothing in this case in the nature of palpable disobedience connected with the failure of respondent to comply with the order of the trial court to file a bill of particulars; nor can his conduct, as disclosed by this record, indicate that such failure to timely furnish the bill of particulars was either wilful or contumacious. The court erred in dismissing the

354

petition, and, such being the case, it follows that the order dismissing the petition should have been vacated.

Reversed and remanded, with directions to reinstate the petition and proceed further.

TOLMAN, C. J., BEALS, MAIN, and STEINERT, JJ., concur.

[No. 23803.   Department Two.   November 30, 1932.]