[No. 31350.   Department Two.   October 26, 1950.]

W. B. MAGEE, *Appellant*, v. J. M. BACON, *Individually and as Trustee, et al., Respondents.*[1]

*W. U. Park,* for appellant.

*J. Elwood Peterson,* for respondents.

[1]Reported in 223 P. (2d) 457.

MALLERY, J.—This is an appeal from an order of dismissal of plaintiff's cause of action entered by the court, on its own motion, as a penalty for contempt, under the provisions of Rem. Rev. Stat., § 408, subd. 7. The action was one to recover attorney's fees against the defendants in the sum of $136.20.

The issue in the case was the value of the services rendered. The case at bar is King county case No. 402383. Prior to the commencement of this action, the plaintiff had represented the defendants in two matters, King county cases Nos. 386779 and 395244. Defendants became dissatisfied with the plaintiff's services and substituted two other attorneys in the latter cases. The plaintiff filed an attorney's lien for the above amount in the second case, No. 395244, on November 1, 1948. The defendants then filed a motion on November 30, 1948, in the same case, to cancel the lien. Plaintiff commenced this action, No. 402383, on December 2, 1948. The trial court ruled, December 9, 1948, that the lien could not be canceled, but that if the defendants desired the attorney's files held under the lien, they could obtain them, and the lien would be canceled, upon the posting of a two-hundred-dollar surety bond to secure payment of any judgment that might be recovered in the instant case, No. 402383. The defendants did not elect to file such a bond but, in order to defend against the instant action, served a subpoena *duces tecum* on the plaintiff, commanding him to testify on oral examination, and to produce the documents held under the attorney's lien, which related to cases Nos. 386779 and 395244. A motion to quash the subpoena was denied September 22, 1949. The plaintiff failed to produce the documents at the hearings, contending that he would not do so until so ordered by the court.

Defendants next filed a "PETITION TO COMPEL WITNESS TO OBEY SUBPOENA *Duces Tecum*" and the court granted a show cause order on September 28, 1949, under the instant case, No. 402383, which the plaintiff ignored. At a hearing on October 5, 1949, the court announced that it would find the plaintiff in contempt and dismiss his action, whereupon

the plaintiff applied to this court for a writ of prohibition, which was denied. On December 10, 1949, the order dismissing plaintiff's action was entered. Plaintiff appeals.

■ There can be no doubt that appellant, in disobeying the orders and subpoenas, was guilty of a contempt as defined in Rem. Rev. Stat., § 1049, subd. 5 [P.P.C. § 20-1], that is: "Disobedience of any lawful judgment, decree, *order, or process of the court* [italics ours]," and also as defined in subd. 10 of the same section: "Disobedience of a subpoena duly served, . . ." Furthermore, Rem. Rev. Stat., §1220 [P.P.C. § 46-11, -13], is to the effect that the failure of a witness to attend as required by a subpoena shall be considered as a contempt.

Appellant contends that the documents ordered to be produced and upon which he asserted an attorney's lien, were connected with cases other than the one at bar, so that Rem. Rev. Stat., § 408, subd. 7, is inapplicable in this case. That statute is as follows:

"An action in the superior court may be dismissed by the court and a judgment of nonsuit rendered in the following cases: . . .

"7. Upon its own motion, for disobedience of the plaintiff to an order of the court concerning the proceedings *in the action.* . . ." (Italics ours.)

■ The documents ordered to be produced are, it is true, pertinent to the other cases. However, since this suit, No. 402383, is predicated upon services appellant claims to have performed in those cases, the documents may well have had a bearing upon their value. We cannot presume otherwise, because appellant made no return to the show cause order when he could have raised such a factual issue. The record clearly shows that the subpoena *duces tecum*, and the other connected orders, are under case No. 402383, and that the contempt is in this action. For this reason, the court was correct in dismissing appellant's action, without prejudice, under Rem. Rev. Stat., § 408, subd. 7. *Plummer v. Weil*, 15 Wash. 427, 46 Pac. 648; see *In re Bowman's Estate*, 170 Wash. 350, 16 P. (2d) 621.

274

Respondents moved to dismiss this appeal upon the ground that this is an action for damages in which the amount involved is under the jurisdictional minimum necessary to sustain an appeal. We do not agree with this contention and have disposed of the matter on the merits for the reason that the order of dismissal, from which this appeal is taken, is in the nature of a penalty for a contempt. An order of contempt and the penalty therefor is appealable without regard to the amount of any money that may be therein involved. See *State ex rel. Mangaoang v. Superior Court for King County*, 30 Wn. (2d) 692, 193 P. (2d) 318.

The judgment is affirmed.

ROBINSON, BEALS, GRADY, and HAMLEY, JJ., concur.

---

December 22, 1950. Petition for rehearing denied.