[No. 32906.   Department Two.   February 14, 1955.]

RALPH VISTAD *et al., Appellants,* v. ANTOINETTE LUKETA
*et al., Respondents.*[1]

*Thor P. Ulvestad,* for appellants.

*Evans, McLaren, Lane, Powell & Beeks* and *Gordon W. Moss,* for respondents.

[1] Reported in 279 P. (2d) 922.

WEAVER, J.—Plaintiffs appeal from a judgment dismissing their action *with prejudice.*

Two questions are presented: (1) Was it error to dismiss the action because of plaintiffs' refusal to comply with certain pretrial procedural requirements established by rule and by order of court? (2) Was it error to grant defendants' motion for judgment on the pleadings?

The complaint alleges that the seven plaintiffs were employed on defendants' fishing boat in Alaskan waters during the 1952 fishing season. They were not paid within forty-eight hours after return to the port of embarkation, as required by their union contract. Plaintiffs sue for their "maintenance," at the rate of eight dollars per day, for the period between their arrival in port and the time they received compensation for their season's employment, alleging that they are entitled to this "under the accepted custom and practice as observed in the Alaskan Fishing Industry for some years last past."

In general, defendants denied the material allegations of the complaint and pleaded three affirmative defenses, only one of which we need consider. Defendants alleged that the wage dispute between the parties was mediated by the department of labor and industries of the state of Washington; and that this mediation resulted in an accord and satisfaction, under which plaintiffs were paid certain funds and, in return, executed receipts and releases therefor.

Plaintiffs denied the allegations of this affirmative defense and alleged that the "accord and satisfaction was not contemplated by the parties, for the reason that no consideration was offered or paid by defendants."

After the issues had been formed, defendants served and filed (a) interrogatories and supplemental interrogatories and (b) request for admission of facts and a supplemental request for admission of facts pursuant to Rules 33 and 36, Rules of Pleading, Practice and Procedure, 34A Wn. (2d) 97, 99.

No answer or objections were made to the interrogatories or request for admissions within the time prescribed by the

rules of court. Thereafter, plaintiffs' counsel served and filed answers to the *original* interrogatories and the *original* request for admission of facts. These answers were made by counsel and not by any of the plaintiffs. They were not made under oath, as required by the rules of court.

Counsel for defendants then served, and noted for hearing, the following motions:

1. Motions to strike plaintiffs' answers to defendants' original interrogatories and plaintiffs' response to defendants' original request for admission of facts, for the reason that they were not answered under oath and had not been timely filed.

2. A motion to dismiss and for judgment by default in favor of defendants, for the reason that plaintiffs had failed to serve answers to defendants' supplemental interrogatories.

3. A motion to strike from plaintiffs' reply that portion which denied defendants' affirmative defense, and that portion which alleged lack of consideration for the accord and satisfaction. This motion was made on the grounds that the denial and allegations were sham and frivolous, in view of the original and supplemental requests for admission of facts, which should be deemed admitted by plaintiffs' failure to respond thereto in accordance with the rules of court.

4. A motion for judgment on the pleadings, on the grounds that the record affirmatively showed that an accord and satisfaction had been agreed upon by the parties.

The next day, one of plaintiffs' counsel served and filed an answer to defendants' supplemental request for admission of facts. The answer was verified, upon information and belief, by one of plaintiffs' counsel. It was not signed under oath by any of the plaintiffs.

Upon argument of the motions, the trial court (Judge Frank D. James) found that the plaintiffs had been dilatory and had not exercised due diligence in complying with the rules of court. However, the court denied defendants' motions, by order dated January 15, 1954 (RCW 4.32.240), upon the condition that *within ten days*:

(1) Plaintiffs serve and file properly verified answers to defendants' original and supplemental interrogatories and requests for admission of facts, which *"may be* verified by the attorney for plaintiffs upon proper authorization and proper showing of necessity therefor."

(2) Plaintiffs specifically admit or deny (or set forth the reasons why they cannot do so) certain specific requests for admission of facts, and state the "meaning attributed by them to the word 'subsistence' as used" in the releases pleaded.

(3) Plaintiffs pay to defendants' counsel the sum of one hundred fifty dollars costs and attorneys' fees.

When the action was called for trial, defendants' counsel renewed the motions we have set forth upon the specific ground that plaintiffs had failed to pay the costs and attorneys' fees required by the third condition of Judge James' order. Thus, so defendants argue, the case then fell squarely within the provisions of Rule 16 (b) of the special rules of the superior court for King county, reading as follows:

"When terms are imposed upon either party upon the decision of any motion or demurrer, they cannot be waived by the adverse party, except as in this section provided. Within the time prescribed by the court in its ruling . . . the party upon whom the costs are imposed must either file with the Clerk a receipt from the adverse party for the same, or pay the amount thereof to the Clerk; *and if he fails so to do he shall lose the benefit of any order or leave to which the payment of such costs was attached as a condition* . . ." (Italics ours.)

(The record does not disclose whether plaintiffs complied with the first two conditions of Judge James' order of January 15, 1954.)

By reason of this special rule of the King county superior court, plaintiffs lost "the benefit of" the order of January 15, 1954.

The trial court:

(a) granted defendants' motion to strike plaintiffs' response to defendants' request for admission of facts, which facts then stand admitted under Rule 36, Rules of Pleading, Practice and Procedure, 34A Wn. (2d) 99;

(b) granted defendants' motion to strike portions of plaintiffs' reply upon the grounds that they are sham and frivolous in view of the admitted facts; and

(c) granted defendants' motion for judgment on the pleadings.

The trial court then dismissed the action *with prejudice.*

In view of plaintiffs' failure to comply with the rules of court under the circumstances of this case, we cannot say that the trial court abused its discretion when it dismissed plaintiffs' action. *Plummer v. Weil,* 15 Wash. 427, 46 Pac. 648 (1896); *Carlson Bros. & Co. v. Van De Vanter,* 19 Wash. 32, 52 Pac. 323 (1898).

However, a dismissal for disobedience of an order of court (RCW 4.56.120) is a dismissal *without prejudice* to bringing another action. *Magee v. Bacon,* 37 Wn. (2d) 271, 223 P. (2d) 457 (1950); see RCW 4.56.130. Therefore, if the dismissal *with prejudice* is to be sustained in this case, it must be upon the ground that defendants are entitled to judgment on the pleadings.

We do not agree with plaintiffs' contention that the court erred when it dismissed the action, after granting the motion to strike a portion of plaintiffs' reply, without giving plaintiffs an opportunity to amend the reply.

First, the record does not disclose any application by plaintiffs for leave to amend the reply. Where, on a motion for judgment on the pleadings, no application to amend is disclosed, it must be presumed that the party stood on his pleadings as originally filed. *Fishburne v. Merchants' Bank of Port Townsend,* 42 Wash. 473, 476, 85 Pac. 38 (1906).

Second, plaintiffs overlook the fact that it is their own action—or lack of action in not complying with the court order of January 15, 1954—which causes portions of their reply to become sham and frivolous. This could have been remedied, not by amendment of the reply (which would be within the discretion of the trial court), but by compliance with the order.

After granting the motions which we have discussed (except the motion for judgment on the pleadings), de-

fendants' affirmative defense of an accord and satisfaction stands admitted. To the pleadings are attached copies of the signed receipt and release of each plaintiff in which it is stated:

"The above amount represents full payment for all services performed . . . including subsistence pay and no other claim will be presented to the Sundown Fisheries [defendants].

"This statement has been read and is understood by me."

These releases were the result of the mediation, between the parties, conducted by the department of labor and industries of the state of Washington.

Plaintiffs argue that it was error to grant judgment on the pleadings because

". . . the defendants, in asserting the release and receipt which was signed by these plaintiffs, assumed the *burden of proving* that they had not used any undue influence on the seamen, and that they had not asserted any coercion or deception in requiring them to sign these releases." (Italics ours.)

In support of their contention, plaintiffs cite *Garrett v. Moore-McCormack Co.,* 317 U. S. 239, 87 L. Ed. 239, 63 S. Ct. 246 (1942).

In the cited case, the invalidity of the release, upon the grounds now suggested by plaintiffs, was put in issue in the case by the plaintiffs' pleadings. However, in the instant case, the releases were attacked, in the reply, on the sole grounds that "no consideration was offered or paid by the defendants"—an allegation which was struck for reasons we have already discussed. Hence, we do not reach the question which plaintiffs now argue.

It was not error to grant the motion for judgment on the pleadings (*Trumble v. Wasmer,* 43 Wn. (2d) 592, 596, 262 P. (2d) 538 (1953)), and the judgment dismissing the action *with prejudice* is affirmed.

SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.