STATE OF NEBRASKA EX REL. VIRGIL JOHNSON ET AL.,
APPELLANTS, V. BOARD OF SUPERVISORS OF GAGE
COUNTY, NEBRASKA, ET AL., APPELLEES.

280 N. W. 2d 636

Filed June 19, 1979. No. 42165.

Fredrick L. Swartz and David J. Powers, for appellants.

Everson, Noble, Wullschleger, Sutter & Sharp, for appellees.

Heard before BOSLAUGH, WHITE, and HASTINGS, JJ., and HENDRIX and BUCKLEY, District Judges.

HENDRIX, District Judge.

The relators appeal from an order of the District Court for Gage County, Nebraska, dismissing the action for want of prosecution.

The only issue is whether the trial court abused its discretion. We find no abuse of discretion and affirm.

This is an action brought on May 15, 1974, in the name of the State of Nebraska on the relation of 24 county residents against the Board of Supervisors of Gage County, Nebraska, and its individual members. The prayer of the petition was for a temporary and permanent injunction restraining the respondents from dismantling what was known as Johnson Bridge. A restraining order was issued pendente lite. Interrogatories were propounded by relators and answer filed on September 24, 1974. On September 17, 1974, an amended petition was filed praying in the alternative for either a writ of manda-

mus requiring restoration of the bridge or a permanent injunction restraining respondents from dismantling the bridge. The respondents were granted time to plead. The original counsel for respondents withdrew and new counsel entered the case in their behalf. A motion was filed by respondents asking that relators be required to elect remedies and on October 24, 1975, the motion was sustained. The relators were given 15 days to elect remedies and respondents were given 3 weeks thereafter to plead. On November 10, 1975, a second amended petition was filed and on February 3, 1976, a third amended petition was filed. The second amended petition and the third amended petition continued to pray for both injunction and mandamus. No election was made. On March 16, 1978, the respondents moved to dismiss the action of relators for lack of prosecution, and on March 21, 1978, a motion for hearing date, for respondents to show cause why an alternative writ of mandamus should not issue, was filed by relators. On April 28, 1978, after hearing, respondents' motion was sustained and the third amended petition was dismissed. A motion for new trial was overruled, and appeal was had to this court. Judge William F. Colwell presided during all proceedings except for a few routine orders, one granting additional time to plead, which order was entered by Judge William B. Rist in February 1975.

At the hearing held on the motion to dismiss, the affidavit of counsel for the relators was received in evidence. It set out that on or about October 26, 1977, counsel for relators and respondents agreed that a joint meeting for settlement negotiations would be scheduled after November 16, 1977. It further set out that the relators were cognizant of a case entitled " 'The State of Nebraska, ex rel., William Goossen, et al, vs. Board of Supervisors of Gage County, Nebraska, et al.' " The only other evidence was an affidavit of an attorney for Blakely

Township, designated as an intervenor, and it is not relevant to this appeal.

The law is clear that the District Court has discretionary power to dismiss a case for want of prosecution. The dismissal is, of course, without prejudice. Section 25-1149, R. R. S. 1943, states in part: "The court may in its discretion * * * provide for dismissing actions without prejudice for want of prosecution." Further, such dismissal is within the inherent power of the court. Brown v. Lincoln, 157 Neb. 840, 61 N. W. 2d 836.

This case had been pending for a long time. It was filed on May 15, 1974, and dismissed on April 28, 1978, almost 4 years later. There is nothing in the evidence to show that those involved in the action were waiting for a decision in the case of State ex rel. Goossen v. Board of Supervisors, 198 Neb. 9, 251 N. W. 2d 655, but even if such could be inferred, the Goossen case was decided by this court on March 16, 1977, just 1 year prior to the filing of the motion to dismiss in this case.

The relators claim the entry of the order of dismissal was an abuse of discretion for the reasons that delay was attributable to the failure of respondents to answer the petitions, that delay was attributable to settlement negotiations, and that delay was atributable to both parties since Judge Rist passed the case at docket call only 10 days prior to the filing of the motion to dismiss. As to an answer, the record reveals that relators never did elect remedies although ordered to do so within 15 days of October 24, 1975. No pleading was due by respondents until 3 weeks after the election was made. Further, if the action was in mandamus, no pleading was due until the writ issued. As to settlement negotiations, there is no evidence that any delay was caused by negotiations. It is true that counsel agreed a joint meeting would be set, but it never was. After 4 months of inactivity in this regard, the court had

every right to treat any settlement negotiations as abandoned. As to Judge Rist passing the case on the calling of the docket, this occurrence appears in the record only during arguments. In any event, Judge Colwell was the presiding judge in the case, not Judge Rist. We see no abuse of discretion.

AFFIRMED.