34    355
38    221

John Flannagan v. Jacob Elton.

[Filed March 30, 1892.]

1. **Dismissal**: Motion to Reinstate: Improper Denial. In March, 1888, one F. brought an action against E. to recover for various trespasses upon real estate, which it was alleged had occurred about March 15, 1884, etc. Issues were joined and the case noticed for trial April 4, 1889. On the morning of that day neither F. nor his attorney were present in court, and the case being reached in the regular call of the docket was, on motion of the defendant, dismissed for want of prosecution. A motion, supported by two affidavits, to reinstate the case was filed on the next day. The motion was overruled. *Held*, That the action should have been reinstated, particularly as the statute of limitations would have run against many of the claims if a new action was brought.

2. ———: ———: Affidavits. When affidavits filed in support of a motion to reinstate a case are not denied, for the purpose of the motion they will be taken as true.

3. **Briefs**: Improper Insinuations. Where the character of the parties or the attorneys is not involved in the case, all imputations or insinuations against them in the briefs, are improper and prejudicial to the party making them. Nor will the court sanction insinuations against the trial judge.

ERROR to the district court for Douglas county.   Tried below before HOPEWELL, J.

*David Van Etten,* for plaintiff in error.

*H. D. Estabrook,* and *Irvine & Clapp, contra.*

MAXWELL, CH. J.

This action was brought by the plaintiff against the defendant in the district court of Douglas county to recover the sum of $4,000 for various acts of alleged trespass committed by him on March 15, 1889, etc., upon the west half of the northeast quarter of the southwest quarter of section 4, in township 15 north, of range 13 east. An answer was duly filed and issues joined, and the case noticed for trial on April 4, 1889. On the morning of that day, however, the plaintiff and his attorney failed to appear, and the case being called, was dismissed for want of prosecution on motion of the defendant. The plaintiff on the next day filed a motion to reinstate the case, being supported by two affidavits, which, if true, show a valid excuse for his failure to appear. The affidavits are before us and are not denied, and for the purpose of this motion will be accepted as true. The court overruled the motion to reinstate and the ruling on these motions is now before the court for review. We think the court erred in overruling the motion to reinstate the cause. As to most of the items set forth in the petition, it is evident that if a new action was brought thereon, the statute of limitations could be successfully pleaded in bar of the same. So far as this record discloses, the plaintiff was not guilty of willful neglect. The case had been reached in the regular call of the docket—apparently the first call. In such case a judgment of dismissal, which would have the effect of a final judgment, is not in furtherance of justice and is contrary to the spirit of the Code. Where there is willful

Flannagan v. Elton.

neglect to comply with a reasonable order of the court, or to proceed with the trial of the case when reached in its order, the court, no doubt, may impose an adequate penalty for such default, which in some cases, no doubt, may extend to a dismissal of the action, but that is not this case.

In the briefs of the attorneys of both parties there is considerable matter of a personal nature. Where the character of the parties or the attorneys is not involved in the case, all references and comments of a personal nature, by a party in his briefs, are entirely out of place, and are in the nature of an admission that there is not sufficient merit in his side of the controversy to warrant him in relying thereon, and hence that it is necessary to direct attention to the faults or failings of the adverse party or his attorney. It is not complimentary to a court to suppose that such statements would divert its attention from the points at issue or be given the slightest weight; and they should be omitted. Neither will attacks nor insinuations against the trial judge be countenanced. The law has provided an adequate remedy for the correction of his rulings, and all presumptions are that he acted honestly and in the utmost good faith. The members of the bar generally recognize these facts, and the briefs filed in this court, almost without exception, are devoted to a discussion of the questions presented by the record. The plaintiff's brief is very objectionable for the cause stated. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

The other judges concur.