SAM W. BROWN, APPELLANT, V. HARRY A. LINCOLN, DOING BUSINESS AS LIBERTY CAR COMPANY, APPELLEE.

61 N. W. 2d 836

Filed January 8, 1954. No. 33405.

*Leary & Leary* and *Thomas P. Leary*, for appellant.

*Wear & Boland*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The issue presented in this case arose out of an order of the district court for Douglas County in refusing to vacate a judgment dismissing the action for want of prosecution. A motion for a new trial was filed and overruled. The plaintiff has appealed.

On August 30, 1945, plaintiff filed his petition for damages in the municipal court at Omaha. On February 8, 1946, plaintiff obtained a judgment in that court. An appeal was thereupon taken to the district court and a transcript from the municipal court filed therein on February 21, 1946. On January 11, 1947, a written stipulation was filed to the effect that the case would be tried on the pleadings filed in the municipal court. On December 3, 1949, the cause was dismissed for want of

prosecution. The term of court at which this order was entered terminated on February 4, 1950. One term of court went by before any further proceedings were undertaken in the case. On July 10, 1950, the district court on an oral application undertook to vacate the dismissal entered on December 3, 1949. The appellee contends that the court had lost jurisdiction to set aside the order of dismissal entered on December 3, 1949, except as provided in section 25-2001, R. R. S. 1943. We think the position of appellee is correct on this point and we will not therefore burden the opinion with a recital of the various motions filed and the orders entered after that date.

After the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to modify or vacate the judgment except for the reasons stated and within the time limited in section 25-2001, R. R. S. 1943. Gasper v Mazur, 155 Neb. 856, 54 N. W. 2d 66; Meier v. Nelsen, 156 Neb. 666, 57 N. W. 2d 273. It is plain from the record that no action was taken with reference to the judgment of dismissal during the term at which it was entered. In fact, as hereinbefore stated, one subsequent term of court was permitted to pass by before any attempt was made to have the judgment vacated. No attempt was made to comply with section 25-2001, R. R. S. 1943, and consequently the trial court lost all power or authority to modify or vacate the judgment in the manner in which it purported to do so.

The trial court had jurisdiction of the case when the judgment of dismissal was entered. It had power to enter a judgment of dismissal for want of prosecution. § 25-1149, R. R. S. 1943. It is within the inherent power of the court to do so in any event. The court is authorized to modify or vacate such judgment at the term at which it was entered but thereafter it can be done only by a compliance with section 25-2001, R. R. S. 1943, et seq. As long as the judgment of dismissal of De-

cember 3, 1949, stood unimpaired as to its validity, the court was without power or authority to make any order in the case. The record clearly discloses that the trial court was correct in denying the application to vacate the judgment of dismissal for the reason that proper steps were not taken to vacate the judgment of December 3, 1949, after term time. That judgment being in full force and effect, the court was without authority to make any further order respecting it.

AFFIRMED.