HAROLD W. SCHAEFFER, APPELLANT, V. B. K. HUNTER, APPELLEE.

263 N. W. 2d 102

Filed March 1, 1978.   No. 41390.

Alfred A. Fiedler, for appellant.

Cline, Williams, Wright, Johnson & Oldfather, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BRODKEY, J.

The question presented in this case is whether the District Court erred in dismissing plaintiff's petition for want of prosecution, and in overruling plaintiff's motion to rescind the order of dismissal.   We affirm the judgment of the District Court.

Harold W. Schaeffer, plaintiff and appellant herein, filed this action to recover damages for the breach of an alleged oral agreement between himself and B. K. Hunter, defendant and appellee herein.   The oral agreement was allegedly made in 1964 in connection with a lease of real estate under which the plaintiff was the lessee and the defendant was the lessor, and which lease was terminated by the defendant on July 16, 1969.   Plaintiff filed his petition on July 6, 1973.

Between the filing of the petition and October 17,

1974, the defendant demurred to the petition, the demurrer was overruled, the defendant filed a motion to make the petition more definite and certain, and the plaintiff amended his petition. On February 25, 1975, the trial court noted that no action had been taken since October 17, 1974, and ordered the case stricken from the trial docket without prejudice unless good cause be shown why it should not be so stricken within 60 days. On motion of the plaintiff, the case was reinstated on the trial docket on September 9, 1975. The defendant filed an answer on October 1, 1975.

On March 2, 1976, the trial court again found that the case should be dismissed within 60 days unless good cause was shown why it should be retained on the trial docket. Apparently this order was made because the plaintiff's attorney did not appear at the court call on March 2nd. On April 23, 1976, the case was reinstated on the trial docket on motion of the plaintiff. The parties then continued with discovery proceedings. The last filing of papers in the court with respect to discovery was on June 9, 1976, when the defendant filed answers to plaintiff's interrogatories.

On March 15, 1977, neither the plaintiff nor the defendant appeared at the court call. The District Court noted that the petition was filed on July 6, 1973; that the answer was filed on October 1, 1975; and that two "60-day Dismissal Orders" had been entered previously. The court ordered that the petition be dismissed without prejudice. Plaintiff immediately filed a motion to rescind the order of dismissal, stating in support thereof that his counsel was unable to attend the court call on March 15, 1977, because of the conflict of a hearing in another court; that the case was ready for trial; and that a dismissal of the case would deprive the plaintiff of his substantive cause of action. The latter claim was based on the fact that plaintiff's claim would be

barred by the statute of limitations if his original petition were not reinstated and he were required to initiate a new action. On April 12, 1977, the trial court overruled plaintiff's motion to rescind the order of dismissal.

Plaintiff has appealed from the order of dismissal and the overruling of his motion to rescind that order. Plaintiff contends that the District Court had no authority under its own rules to dismiss the case; that the District Court may not exercise its power to adopt rules of procedure in such a manner as to arbitrarily deprive litigants of a judicial determination of substantive rights; and that dismissal for want of prosecution is improper in a case where the statute of limitations would bar the filing of a new action, and the dismissal has the effect of a final judgment.

Section 25-1149, R. R. S. 1943, authorizes the District Court to provide for dismissing actions without prejudice for want of prosecution. Rule X (11) of the Rules of Practice of the District Court for the First Judicial District provides that whenever the trial of an action is neglected or delayed the court may upon motion of a party or upon its own motion either dismiss the action, or strike it from the docket. In any event, trial courts have the inherent power, independent of any statute or rule of court, to dismiss a case for failure to prosecute with due diligence. See, Link v. Wabash Railroad Co., 370 U. S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Brown v. Lincoln, 157 Neb. 840, 61 N. W. 2d 836 (1954). The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the trial courts. See, Link v. Wabash Railroad Co., *supra;* Fanning v. Richards, 193 Neb. 431, 227 N. W. 2d 595 (1975). The exercise of this power rests in the sound discretion of the trial court, whose ruling will not be disturbed in the absence of a showing of an abuse of discretion. 24 Am. Jur. 2d, Dismissal, Discontinu-

ance, and Nonsuit, § 59, pp. 50, 51. There can be no question that the District Court had the power to dismiss plaintiff's petition for want of prosecution, and the issue on appeal is whether the court abused its discretion in so doing.

Plaintiff argues that dismissal in the present case constitutes an abuse of discretion because the statute of limitations bars the filing of a new action. In Flannagan v. Elton, 34 Neb. 355, 51 N. W. 967 (1892), the plaintiff filed an action in March 1888, and the case was set for trial in April 1889. The plaintiff failed to appear, and the case was dismissed for want of prosecution. The statute of limitations barred the filing of a new action. This court concluded that the trial court erred in overruling plaintiff's motion to reinstate the case, noting that the effect of the dismissal was a final judgment, and that the plaintiff was not guilty of willful neglect. We indicated, however, that a dismissal would be appropriate in other factual situations.

The entry of an order dismissing a case for failure to prosecute is not controlled by the fact that a new suit would be barred by the statute of limitations. See, Hoad v. Spier, 298 Mich. 462, 299 N. W. 146 (1941); Bernays v. Frederic Leyland & Co., 228 F. 913 (Mass., 1915); 27 C. J. S., Dismissal & Nonsuit, § 65 (1), pp. 427 to 429. The fact that a new suit would be barred is an important consideration, but in and of itself does not demonstrate that there has been an abuse of discretion. Under the foregoing authorities, other factors such as the length of delay, excuses therefor, and whether dismissals for want of prosecution have been entered previously, and then rescinded, are also important considerations. Each case must be looked at with regard to its own peculiar procedural history, and the situation at the time of the dismissal. 24 Am. Jur. 2d, Dismissal, Discontinuance, and Nonsuit, § 59, p. 50.

We cannot conclude in the present case that the

trial court abused its discretion. The order of dismissal was entered not only because plaintiff's counsel had failed to appear at the court call on March 15, 1977, but because the case had been filed in July 1973, and two orders of dismissal had been entered previously, and then rescinded. The case was reinstated for the second time on April 23, 1976, and the last filing of papers with respect to discovery was on June 9, 1976. The final order of dismissal was not entered until March 15, 1977, more than 9 months after the last filing, 1 year and 5 months after the answer was filed, and almost 4 years after the petition was filed. The responsibility rests on the plaintiff to prosecute his case with reasonable diligence. See, Cukrowski v. Mt. Sinai Hospital, Inc., 67 Wis. 2d 487, 227 N. W. 2d 95 (1975); 24 Am. Jur. 2d, Dismissal, Discontinuance, and Nonsuit, § 66, pp. 57, 58. The delay in this case was significant, two orders of dismissal for want of prosecution had been entered previously, and no justifiable excuse for the extent of the delay is shown in the record. Under the particular facts of this case, we find no abuse of discretion on the part of the trial court. Therefore, the judgment of the District Court is affirmed.

AFFIRMED.