A. HIRSH, INC., A PENNSYLVANIA CORPORATION,
APPELLEE, V. NATIONAL HAIR COMPANY,
A NEBRASKA CORPORATION, ET AL., APPELLANTS.

315 N.W.2d 236

Filed January 22, 1982.   No. 43601.

Robert M. Zuber of Zuber & Ginsburg for appellants.

Donald B. Fiedler of Fiedler & Hanna for appellee.

Heard before BOSLAUGH, McCOWN, BRODKEY, and CLINTON, JJ., and STANLEY, District Judge.

PER CURIAM.

The defendants, National Hair Company and Midstates By-Products, have appealed from the order of the District Court of Douglas County vacating a previous order which dismissed the case for want of prosecution. There is no bill of exceptions, and the record consists of the pleadings and docket entries.

The plaintiff, A. Hirsh, Inc., filed its petition for damages in the District Court on August 2, 1972. The case remained pending for a number of years. On October 7, 1977, pursuant to the rules of the District Court, the case was placed on the default dismissal list for lack of prosecution, but was removed from the dismissal list on November 4, 1977.

On February 8, 1980, an order to show cause was entered and the case was again placed on the dismissal list as provided by Rule XII C of the District Court.

Rule XII C of the District Court of Douglas County, Nebraska, provides: "On or before August 1st of each

year the Clerk of the Court shall prepare a default dismissal list of all pending civil cases which appear to be in default or on which no action has been taken since July 1st of the preceding year. The Presiding Judge shall examine the list and in those cases in which it is deemed proper he shall enter an order to show cause why those cases should not be dismissed for want of prosecution. On or before thirty (30) days after said order is entered, a written response by any interested party must be filed in the action and a copy of the same served upon all other interested parties. A hearing shall be had thereon before a judge or judges specifically designated by the Presiding Judge for that purpose, or said action shall be deemed dismissed. Notice of said order to show cause shall be served on all interested parties by publication in The Daily Record. Counsel residing outside Douglas County shall be served by mail."

On May 2, 1980, no good cause having been shown, the case was dismissed without prejudice at costs of the plaintiff for lack of prosecution. The plaintiff then moved to vacate the order of dismissal, which motion was granted on May 21, 1980, over the objection of the defendants. The defendants' motion for new trial was overruled, and from this order the defendants have appealed.

A district court has discretionary power to dismiss a case without prejudice for want of prosecution. Neb. Rev. Stat. § 25-1149 (Reissue 1979). Also, such a dismissal is within the inherent power of the court. *Brown v. Lincoln*, 157 Neb. 840, 61 N.W.2d 836 (1954).

A district court has inherent power to vacate or modify its own judgment any time during the term in which it is rendered. *Beliveau v. Goodrich*, 185 Neb. 98, 173 N.W.2d 877 (1970); *Fanning v. Richards*, 193 Neb. 431, 227 N.W.2d 595 (1975). "[T]his is a matter that rests in the sound discretion of the [trial] court. But this discretion is not an arbitrary one. It

must be exercised reasonably and depends upon the facts and circumstances in each case as shown by the record." *Beliveau, supra* at 100, 173 N.W.2d at 879; *Morgan v. Weiner,* 173 Neb. 715, 114 N.W.2d 720 (1962). The question presented by the appeal is whether the District Court abused its discretion in granting the plaintiff's motion to vacate the order of dismissal after the 30-day time limit of Rule XII C had expired without a showing of good cause as to why the case should not be dismissed.

Since there is no bill of exceptions, we are limited to a consideration of whether the record supports the judgment of the trial court. *Lum v. Mattley,* 208 Neb. 789, 305 N.W.2d 878 (1981). The docket entries show no record activity between May 11, 1978, and February 8, 1980, when the order to show cause pursuant to Rule XII C was filed, although the plaintiff's motion filed May 16, 1980, alleged a deposition had been taken on October 23, 1979. The next record activity after February 8, 1980, appears on May 2, 1980, when the cause was dismissed for want of prosecution. The dismissal order was entered well after the time had expired in which the plaintiff was required to show cause. The record is devoid of any indication why the plaintiff's motion should have been granted some 3 months after the order to show cause was entered and nearly 3 weeks after the cause had been dismissed for want of prosecution.

On the record before us, the granting of the plaintiff's motion to vacate the order of dismissal was an abuse of discretion. The order is reversed and the cause remanded to the District Court with directions to reinstate the dismissal order entered on May 2, 1980.

REVERSED AND REMANDED WITH DIRECTIONS.