FRANK GUTCHEWSKY, APPELLEE, V. READY MIXED CONCRETE
COMPANY, A NEBRASKA CORPORATION, APPELLANT.
366 N.W.2d 751

Filed May 3, 1985.   No. 83-721.

Joe P. Cashen and Neil B. Danberg, Jr., of Kennedy, Holland, DeLacy & Svoboda, for appellant.

Warren C. Schrempp, Peter J. Hoagland, and Stephen L. Gerdes of Schrempp, Hoagland and Gray, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

On November 9, 1979, Ready Mixed Concrete Co., a Nebraska corporation (Ready Mixed), sold and delivered concrete to Frank Gutchewsky in Council Bluffs, Iowa, for use in Gutchewsky's new home. Gutchewsky sustained chemical burns as a result of his contact with the concrete from Ready Mixed. On January 25, 1980, Gutchewsky filed an action in the district court for Douglas County, Nebraska, based on a claim of product liability regarding the Ready Mixed concrete. Iowa's statute of limitations regarding such actions is 2 years.

On account of Ready Mixed's motion, Gutchewsky filed an amended petition on April 25, 1980. Ready Mixed filed its answer on May 9. The depositions of Gutchewsky and two other witnesses were scheduled for August 16.

According to the district court's records, there was no activity in Gutchewsky's case during 1981. On January 22, 1982, Gutchewsky's case was placed on the district court's dismissal docket. By written response filed on February 11, Gutchewsky stated that additional time was required to complete discovery and that such discovery would be completed within 90 days. The district court removed Gutchewsky's case from the dismissal docket on February 16, but court records show no activity in the case for the remainder of 1982.

The district court again placed Gutchewsky's case on the dismissal docket on March 30, 1983, and, pursuant to rule of court, required a written response showing why the case should not be dismissed for want of prosecution. On April 29 Gutchewsky filed his response showing that "discovery has been proceeding; that a Certificate of Readiness for Trial will be forthcoming; that it would be a great injustice to have the matter dismissed at this particular time." On June 1, without an evidentiary hearing, the district court refused to remove Gutchewsky's case from the dismissal docket. The presiding judge of the district court dismissed Gutchewsky's case on June 13. Gutchewsky filed a motion for new trial on June 17, alleging that the district court abused its discretion in allowing the case to remain on the dismissal docket. Gutchewsky submitted his motion without evidence, and on June 21 the district court overruled Gutchewsky's motion for new trial.

On July 1 Gutchewsky filed a "Motion to Reconsider." This motion to reconsider was heard on July 8, when Gutchewsky offered evidence in an effort to have the June 13 order of dismissal set aside. In the hearing held on July 8, Gutchewsky, in support of his motion to reconsider, showed the district court that seven depositions had been taken and medical information obtained concerning Gutchewsky's injuries. Core samples of the concrete in question were obtained for analysis and had been sent to laboratories. By the time the motion for reconsideration was heard, Gutchewsky had expended $1,124.40 for research and discovery concerning his claim. The only step remaining for trial was obtaining an expert witness.

As a result of the July 8 hearing, the district court rendered the following decision:

> [T]hat for good cause shown and for substantial justice being best served the motion for reconsideration should be sustained, and the Court finds that plaintiff's motion for new trial should be granted and that this cause should be reinstated on the trial docket and that the order of the Court dismissing the action should be vacated and set aside and the cause reinstated on the trial docket.

The reinstatement ordered by the district court occurred during the same term at which dismissal had been previously

ordered. Ready Mixed appeals the order reinstating Gutchewsky's case and contends the district court abused its discretion by reinstatement of the proceedings.

The district court has inherent power to vacate or modify its own judgment at any time during the term in which the judgment was rendered. See *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982). This inherent power rests in the sound discretion of the trial court. However, this discretion must be exercised reasonably and not arbitrarily, depending upon the facts and circumstances in each case as shown by the record. *A. Hirsh, Inc. v. National Hair Co., supra; In re Estate of Weinberger,* 207 Neb. 711, 300 N.W.2d 818 (1981); *Urwin v. Dickerson*, 185 Neb. 86, 173 N.W.2d 874 (1970). There is no doubt that the district court has the inherent power to dismiss a case for failure to prosecute with due diligence. *A. Hirsh, Inc. v. National Hair Co., supra; Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978). As we noted in *Schaeffer* at 223, 263 N.W.2d at 104: "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the trial courts."

Thus, the question before this court is whether the trial court abused its discretion in vacating its previous order to dismiss. *A. Hirsh, Inc. v. National Hair Co., supra.*

In *Pettegrew v. Pettegrew*, 128 Neb. 783, 788, 260 N.W. 287, 289 (1935), we defined abuse of discretion: " 'If the reasons given by the court for its action are clearly untenable or unreasonable, if its action clearly amounts to a denial of justice, if clearly against justice or conscience, reason and evidence, it has abused its discretion.' "

Ready Mixed relies upon our holding in *A. Hirsh, Inc. v. National Hair Co., supra*, but in *Hirsh* we noted that "[t]here is no bill of exceptions, and the record consists of the pleadings and docket entries." 210 Neb. at 397, 315 N.W.2d at 237. Therefore, in *Hirsh*, we were left to consider whether the record supported the judgment of the trial court and had no choice but to reverse the district court's order vacating its previous order of dismissal for want of prosecution. See *Lum v. Mattley*, 208 Neb. 789, 305 N.W.2d 878 (1981). In Gutchewsky's case,

however, there is a bill of exceptions containing information presented to the district court. Because there is a bill of exceptions, we can review the information presented to the district court and determine whether the district court abused its discretion.

Undoubtedly the district court considered the discovery undertaken by Gutchewsky and Ready Mixed and the fact that obtaining an expert witness was all that remained before setting the case for trial. The information provided the district court in conjunction with Gutchewsky's motion to reconsider shows there was activity toward trial of Gutchewsky's claim, a fact not immediately disclosed by the court records alone. More than 2 years have elapsed since Gutchewsky sustained the injury alleged in his petition. As a consequence, the Iowa statute of limitations bars Gutchewsky's filing another action, that is, refiling his case, if the present action is dismissed. As we stated in *Schaeffer v. Hunter, supra* at 224, 263 N.W.2d at 104, the "fact that a new suit would be barred is an important consideration . . . ." Also, we stated in *Schaeffer*:

> Under the foregoing authorities, other factors such as the length of delay, excuses therefor, and whether dismissals for want of prosecution have been entered previously, and then rescinded, are also important considerations. Each case must be looked at with regard to its own peculiar procedural history, and the situation at the time of dismissal.

*Id.*

Under the circumstances and in view of the information presented to the district court, we cannot conclude that there has been abuse of discretion on the part of the district court in reinstating Gutchewsky's case. Therefore, we affirm the action of the district court. However, all costs of this appeal, including an attorney fee of $500 to Ready Mixed's attorney for services before this court, are taxed to Gutchewsky. See *Fanning v. Richards*, 193 Neb. 431, 227 N.W.2d 595 (1975).

AFFIRMED.