SIOUX SUN TALKINGTON, APPELLEE, V. WOMENS SERVICES, P.C., AND C.J. LABENZ, M.D., APPELLANTS.

583 N.W. 2d 68

Filed July 21, 1998. No. A-97-461.

Mark E. Novotny, of Kennedy, Holland, DeLacy & Svoboda, for appellants.

Martin A. Cannon for appellee.

HANNON, IRWIN, and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Appellants, Womens Services, P.C., and C.J. Labenz, M.D., appeal the decision of the Douglas County District Court granting reinstatement of Sioux Sun Talkington's petition following an order of dismissal of the instant case for lack of prosecution. For the reasons set forth herein, we reverse, and remand with directions.

## STATEMENT OF FACTS

On August 25, 1995, Talkington filed a petition alleging that on August 27, 1993, Labenz and Womens Services committed medical malpractice. Hereinafter, the defendants-appellants will jointly be referred to as "Womens Services." An answer

was filed on March 11, 1996. On June 28, the case was dismissed for lack of prosecution. Talkington moved to reinstate the case on December 31, contending that discovery should be completed by March 31, 1997. A hearing was held on December 31, 1996. At this hearing, Talkington's counsel stated to the court that advancement of the medical expert's opinion was estimated to cost $15,000, and Talkington had been attempting to figure out ways to cover that cost. The court vacated the previously entered dismissal and entered an order excusing a filing of a certificate of readiness until March 31, 1997.

On April 1, 1997, the case was dismissed a second time for want of prosecution. A hearing was held on April 7. At this hearing, Talkington's counsel stated:

> I've got a very unfortunate, very unusual situation here. This is a case that we filed when we had an expert's opinion on it that he thought we had a liability case, but, to assess damages, he needed to do another surgery. [Talkington has] never been able to do that surgery, so the case kind of got stale and got shelved and nothing much went on with it.
>
> About two months back, we were here on a Motion to Reinstate and I think you reinstated it on the condition that we get our expert on board, which I said, about doing, took a long time doing. I'll be damned if Friday he didn't call me back, after I've been playing phone tag with him for quite awhile, and told me he would step up to the plate and be deposed and give me a final opinion on it. So, obviously, the case is in an awkward posture, but if we can reinstate it and I can get Mark his discovery by the end of the week and get a deposition pretty quickly, I think that's the only sensible thing to do.

Over Womens Services' objection, the court vacated the April 1 dismissal. Womens Services timely appealed to this court.

## ASSIGNMENT OF ERROR

On appeal, Womens Services assigns only one error: The trial court abused its discretion in vacating its order of dismissal and reinstating the instant case.

## STANDARD OF REVIEW

The decision to vacate an order is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993); *Billups v. Jade, Inc.*, 240 Neb. 494, 482 N.W.2d 269 (1992). An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Jarrett, supra.*

## DISCUSSION

Before addressing the merits of the Womens Services' assigned error, we note that a court order vacating a prior dismissal that is made within the same term in which the dismissal was granted constitutes a final and appealable order. *Jarrett, supra.* Consequently, this court does have jurisdiction to address the merits of this appeal.

A district court has discretionary power to dismiss a case without prejudice for want of prosecution. Neb. Rev. Stat. § 25-1149 (Reissue 1995). Such a dismissal is also within the inherent power of the court. *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982). The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the trial courts. *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978).

Likewise, a district court has the inherent authority to vacate or modify its decisions within the same term that the initial decision was rendered. *Jarrett, supra*; *A. Hirsh, Inc., supra*. The decision to vacate an order is within the discretion of the court. However, the decision to vacate will be reversed if it is shown that the district court abused its discretion. *Gutchewsky v. Ready Mixed Concrete Co.*, 219 Neb. 803, 366 N.W.2d 751 (1985). Although a court's decision to vacate an order is discretionary, " 'this discretion is not an arbitrary one. It must be exercised reasonably and depends upon the facts and circumstances in each case as shown by the record.' " *A. Hirsh, Inc.*, 210 Neb. at 398-99, 315 N.W.2d at 238.

In an appeal from the district court's overruling of plaintiff's motion to rescind an order of dismissal, the Nebraska

Supreme Court in *Schaeffer, supra*, identified four factors to consider in assessing the propriety of a dismissal for lack of prosecution: (1) the length of delay in the proceedings, (2) reasons for the delay in the proceedings, (3) whether any dismissals for lack of prosecution had been entered previously and then rescinded, and (4) whether a new lawsuit would be barred by the applicable statute of limitations. See, also, *Gutchewsky, supra*. The fact that a new lawsuit would be barred by the statute of limitations is not controlling in determining whether an abuse of discretion has occurred; instead, it is merely one of several factors to consider. *Id.* "Each case must be looked at with regard to its own peculiar procedural history, and the situation at the time of the dismissal." *Schaeffer*, 200 Neb. at 224, 263 N.W.2d at 104.

In the instant case, we have before us the bill of exceptions of the proceedings regarding reinstatement of the instant case. However, the record contains only Talkington's counsel's unsworn statements to the district court; there was no evidence offered by Talkington at the hearing. Oral argument by counsel at the trial level is not evidence. *State v. Bassette*, 6 Neb. App. 192, 571 N.W.2d 133 (1997). Thus, for the purpose of our review, we are essentially left with a record containing only the pleadings and docket entries.

In *A. Hirsh, Inc., supra*, the defendants appealed from an order of the Douglas County District Court vacating a previous order dismissing the case for want of prosecution. The appeal contained no bill of exceptions, and the record consisted of the pleadings and docket entries. In determining whether the district court abused its discretion in vacating the prior dismissal, the Nebraska Supreme Court considered the lack of record activity in the case, the fact that the order of dismissal was entered well after the time had expired in which the plaintiff was required to show cause, and the fact that plaintiff's motion was granted some 3 months after the order to show cause was entered and nearly 3 weeks after the cause had been dismissed for want of prosecution. The Supreme Court determined that the record was devoid of any indication as to why the plaintiff's motion to reinstate should have been granted and, therefore, that the district court abused its discretion in granting the plain-

tiff's motion to vacate the order of dismissal, and it ordered the judgment reversed and the cause remanded with directions to reinstate the order of dismissal.

In the case at bar, the original petition was filed on August 25, 1995. The case was dismissed for want of prosecution the second time on April 1, 1997. The Case Progression Standards provide that trial or hearing for civil cases in district court tried to a jury should be held within 18 months. Trial or hearing for nonjury civil cases are to be held within 1 year. Neb. Ct. R. of Case Progression Standards (rev. 1992). Thus, although the instant case had been pending for 19 months, not only had the case not proceeded to hearing or trial, but a certificate of readiness had not even been filed. Thus, the length of delay in the proceedings weighs against Talkington.

The second factor to consider is the reason for the delay in the proceedings. As we stated earlier, the only reasons evidenced by the record to explain the delay in this case were the comments to the district court made by Talkington's counsel. These comments are not evidence. Thus, the record discloses no valid reason for the delay in the proceedings.

The third factor to consider is whether any dismissals for lack of prosecution had been entered previously and then rescinded. This factor also weighs against Talkington, as the instant case had been dismissed for want of prosecution and then reinstated.

Finally, we consider the statute of limitations. Talkington contends in her petition that the alleged medical malpractice occurred on August 27, 1993. The applicable statute of limitations is 2 years. Neb. Rev. Stat. § 25-208 (Reissue 1995). Consequently, a new lawsuit would be barred by the statute of limitations. However, this is merely a factor to consider in determining whether the trial court abused its discretion. The other factors weigh against Talkington and indicate an abuse of discretion by the trial court in vacating the April 1, 1997, dismissal of the instant case. The fact that a new lawsuit would be barred by the statute of limitations does not change this analysis.

## CONCLUSION

On the record before this court, the district court's decision to vacate the April 1, 1997, dismissal of the instant case was an

abuse of discretion. Therefore, the district court's order vacating the case is reversed, and the cause is remanded to the district court with directions to reinstate the dismissal order dated April 1, 1997.

REVERSED AND REMANDED WITH DIRECTIONS.