SIOUX SUN TALKINGTON, APPELLEE, V. WOMENS SERVICES, P.C., AND C. J. LABENZ, M.D., APPELLANTS.

588 N.W. 2d 790

Filed January 29, 1999.   No. S-97-461.

Mark E. Novotny, of Lamson, Dugan & Murray, for appellants.

Martin A. Cannon for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.
## NATURE OF CASE
The Nebraska Court of Appeals reversed the trial court's decision to vacate the dismissal of appellee, Sioux Sun Talkington's medical malpractice case against appellants, Womens Services, P.C., and C. J. Labenz, M.D. (hereinafter jointly referred to as Womens Services). We granted Talkington's petition for further review. We reverse the Court of Appeals' decision and remand the cause to the Court of Appeals with directions to affirm the trial court's order vacating the dismissal.

## BACKGROUND
On August 25, 1995, Talkington filed a petition alleging that on August 27, 1993, Womens Services committed medical malpractice. Womens Services' subsequent demurrer was partially sustained and partially overruled on March 8, 1996. Womens Services filed an answer on March 11. About 3 months later, the trial court's computer automatically dismissed the case, as it had been pending for over 180 days without a certificate of readiness being filed. Talkington moved to reinstate the case, contending that discovery should be completed by March 31, 1997. A hearing was held on December 31, 1996, at which time Talkington's counsel stated to the trial court that advancement of the medical expert's opinion was estimated to cost $15,000, and Talkington had been attempting to figure out ways to cover that cost. The trial court vacated the previously entered dismissal and entered an order excusing a filing of a certificate of readiness until March 31, 1997.

On April 1, 1997, the case was automatically dismissed for want of prosecution a second time. A hearing was held on April 7. At this hearing, Talkington's counsel stated:

> I've got a very unfortunate, very unusual situation here. This is a case that we filed when we had an expert's opinion on it that he thought we had a liability case, but, to assess damages, he needed to do another surgery.

[Talkington has] never been able to do that surgery, so the case kind of got stale and got shelved and nothing much went on with it.

About two months back, we were here on a Motion to Reinstate and I think you reinstated it on the condition that we get our expert on board, which I said, about doing, took a long time doing. I'll be damned if Friday he didn't call me back, after I've been playing phone tag with him for quite awhile, and told me he would step up to the plate and be deposed and give me a final opinion on it. So, obviously, the case is in an awkward posture, but if we can reinstate it and I can get [defendant's attorney] his discovery by the end of the week and get a deposition pretty quickly, I think that's the only sensible thing to do.

Over Womens Services' objection, the trial court vacated the April 1, 1997, dismissal, reinstated the case, gave Talkington 1 month to complete discovery, and ordered that a certificate of readiness be filed by May 7. Womens Services timely appealed to the Court of Appeals. The Court of Appeals determined that because the bill of exceptions contains only Talkington's counsel's unsworn statements to the trial court and no evidence was offered by Talkington at the hearing on April 7, for the purposes of its review, it was essentially left with a record containing only the pleadings and docket entries. See *Talkington v. Womens Servs.*, 7 Neb. App. 378, 583 N.W.2d 68 (1998). The Court of Appeals concluded that based on the pleadings and docket entries, the trial court's decision to vacate the dismissal on April 1 was an abuse of discretion and reversed the trial court's order, thereby dismissing the case.

The trial docket sheet shows the following entries, each signed or initialed by the trial court judge:

3/8/96 By agrement [sic] of counsel, the demurrer as to first cause of action is overruled. [sic] and demurrer as to second cause of action sustained. Defendant given ten days to answer

JUN 28 1996 CASE DISMISSED W/O PREJUDICE - PROGRESSION LETTER

12/31/96 Counsel for parties appeared and argued. Plaintiff's motion to reinstate this case argued and sus-

tained. Plaintiff given to March 31, 1997 to complete discovery by signed order. Signed order requiring parties to certify this case by 3-31-97.

APR 01 1997 CASE DISMISSED W/O PREJUDICE - PROGRESSION LETTER

4/7/97 On motion of plaintiff and over objection of defendant this case is ordered reinstated. Parties given 1 mo[.] to complete discovery certificate of readiness ordered by 5-3-97. Signed order setting date.

We granted Talkington's petition for further review.

## ASSIGNMENTS OF ERROR

Talkington assigns that the Court of Appeals erred in ruling (1) in effect, that a trial court exercising broad discretion to reinstate a case may consider only formally offered evidence and that on appeal, such evidence is the only pertinent part of the record; (2) that the trial court's reinstatement of the case based on the assertions of counsel contained in the record constituted an abuse of discretion; and (3) that "the record" and "the evidence" are exactly the same thing.

## SCOPE OF REVIEW

The decision to vacate an order is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Jarrett v. Eichler, supra.*

## ANALYSIS

A district court has discretionary power to dismiss a case without prejudice for want of prosecution. Neb. Rev. Stat. § 25-1149 (Reissue 1995). Such a dismissal is also within the inherent power of the court. *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982). The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the trial

courts. *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978).

Likewise, a district court has the inherent authority to vacate or modify its decision within the same term in which the initial decision was rendered. *Jarrett v. Eichler, supra*; *A. Hirsh, Inc. v. National Hair Co., supra*. The decision to vacate an order is within the discretion of the court and, in the absence of an abuse of discretion, will not be interfered with. However, the decision to vacate will be reversed if it is shown that the district court abused its discretion. *Fanning v. Richards*, 193 Neb. 431, 227 N.W.2d 595 (1975). Although a court's decision to vacate an order is discretionary, "this discretion is not an arbitrary one. It must be exercised reasonably and depends upon the facts and circumstances in each case as shown by the record." *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. at 398-99, 315 N.W.2d at 238. A much stronger showing is required to substantiate an abuse of discretion when the judgment is vacated than when it is not. *Fanning v. Richards, supra*.

Because of the individualized nature of the administration of justice, trial courts must necessarily be given wide discretion to ensure that the goal of timely disposition of cases is reached in a manner consistent with fairness to all parties. Assurance of quality in the judicial process is as important as speedy disposition. *Fanning v. Richards, supra*. Each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal. *Schaeffer v. Hunter, supra*.

In the case at hand, we conclude that the Court of Appeals erred in concluding that the trial court abused its discretion when it vacated the dismissal of Talkington's case. There is a record in this case, the trial docket. The period between Womens Services' answer and the first dismissal was approximately 3½ months. The period between the first dismissal and the second dismissal was 10 months. The period between when Womens Services filed its answer and the last reinstatement was 13 months. It was Womens Services' burden to prove an abuse of discretion. Based upon the record consisting of the trial docket, we find that Womens Services failed to prove an abuse of discretion on the part of the trial court when this case was reinstated on April 7, 1997.

## CONCLUSION

Based on the record, we cannot conclude that the trial court abused its discretion in vacating the dismissal and reinstating the case for trial. Therefore, we reverse the Court of Appeals' decision and remand the cause to the Court of Appeals with directions to affirm the trial court's order vacating the dismissal.

REVERSED AND REMANDED WITH DIRECTIONS.