IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

WBE COMPANY V. STATE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

WBE COMPANY, INC., APPELLANT,

V.

STATE OF NEBRASKA, APPELLEE.

Filed December 27, 2016.    No. A-15-988.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

F. Matthew Aerni, of Berry Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Martel J. Bundy for appellee.

RIEDMANN and BISHOP, Judges, and MCCORMACK, Retired Justice.

MCCORMACK, Retired Justice.

### INTRODUCTION

WBE Company, Inc. (WBE), appeals from the order of the district court dismissing its lawsuit against the State of Nebraska for want of prosecution. On appeal, WBE argues that the district court abused its discretion in dismissing the case. Upon our review, we find no merit to WBE's arguments, and we affirm.

### BACKGROUND

WBE filed a complaint against the State in the district court for Lancaster County on July 21, 2006. WBE claimed the State had breached a number of contracts with WBE involving road construction projects. WBE sought damages in excess of $10 million.

On July 2, 2007, WBE filed a trial notice indicating that it believed the case to be ready for trial and that all discovery proceedings and other necessary preparations had been completed. The State objected to the notice, stating that neither party had made discovery requests yet. Subsequently, it appears that the State served WBE with discovery requests but received no answer. Accordingly, the State filed a motion to compel WBE to respond to discovery on December 10, 2007.

The court scheduled a pretrial conference for January 14, 2008, but the record does not reflect that the conference was held. Instead, on December 31, WBE filed a pleading indicating that the company had entered bankruptcy proceedings. WBE explained that the bankruptcy had been the cause of delays in the case, but indicated that the bankruptcy trustee had now authorized it to pursue its claim against the State. WBE sought a continuance to the next term in order to complete discovery. The district court apparently removed the case from its active docket in response to WBE's bankruptcy.

On January 18, 2012, a new attorney for WBE filed a motion to reinstate the case. WBE stated that the bankruptcy trustee had filed a document on April 15, 2011, allowing the lawsuit against the State to proceed. The district court reinstated the case to its active docket on March 21, 2012.

On July 28, 2012, WBE filed a certificate of readiness for trial, indicating that all discovery proceedings had been completed. The State objected to the certificate of readiness, stating that WBE had not served any discovery and had failed to answer the State's discovery requests.

Eventually, the district court issued a stipulated scheduling order setting the matter for a pretrial conference on September 16, 2013. The order further required that the parties be prepared for trial by October 15, 2013. In September 2013, the court issued a new stipulated scheduling order moving the pretrial conference to February 18, 2014, and requiring all fact discovery to be completed by January 1. According to the new order, the parties were to be prepared for trial no later than March 15, 2014.

On January 22, 2014, WBE's attorney moved to withdraw as counsel, citing a breakdown in communication. The court permitted the attorney's withdrawal. On February 18, 2014, the court issued an order to show cause why the case should not be dismissed for want of prosecution. The court ordered new counsel for WBE to enter an appearance by March 20, 2014.

On March 19, 2014, WBE's third attorney entered his appearance. WBE filed a motion for amended progression order, indicating that its expert witness could be deposed in late summer 2014. On June 19, 2014, the court issued a stipulated scheduling order. The order scheduled the pretrial conference for January 6, 2015, required all fact discovery to be completed no later than September 1, 2014, and required the parties to be prepared for a jury trial no later than March 3, 2015.

On December 30, 2014, a week before the pretrial conference was to be held, WBE filed a motion for amended progression order. WBE stated that the volume of discovery was too large to complete within the time allotted by the original scheduling order. The court granted WBE's motion and issued a new stipulated scheduling order moving the pretrial conference to September 18, 2015. The new stipulated scheduling order required that discovery be completed no later than September 1, 2015. The order also required WBE to provide a list of all elements of damages

claimed, including an itemization of special damages, and a numerical listing of all exhibits which might be introduced.

On September 18, 2015, the parties appeared for the pretrial conference. WBE's attorney stated that he could not produce an itemization for special damages nor provide a list of exhibits because he had not received sufficient information from his client. WBE's attorney conceded that he was "not prepared to address the issues in the pretrial order today."

The court noted the various delays in the case and stated its intention to dismiss the case for want of prosecution. WBE opposed dismissal of the case, arguing that the State had just responded to WBE's requests for discovery earlier in the week. WBE claimed it had not had time to review the State's answers and that it needed to do so before responding to the State's discovery requests. When pressed by the court, WBE admitted it had not filed a motion to compel discovery from the State nor had it deposed any witnesses. In response, the State indicated it had answered discovery in 2013 and then re-answered the new discovery requests in September 2015. The State also claimed it had informally provide much of the documentation WBE sought in January 2015.

Following the hearing, the court entered an order dismissing the case without prejudice for want of prosecution.

WBE appeals.

## ASSIGNMENTS OF ERROR

WBE assigns as error the district court's dismissal of the case for want of prosecution.

## STANDARD OF REVIEW

Dismissal of a civil action for lack of prosecution is addressed to the discretion of a trial court, whose ruling, in the absence of an abuse of discretion, will be upheld on appeal. *Jones v. Jones*, 284 Neb. 361, 821 N.W.2d 211 (2012). An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Talkington v. Womens Servs.*, 256 Neb. 2, 588 N.W.2d 790 (1999).

## ANALYSIS

WBE argues that the district court abused its discretion in dismissing its lawsuit for lack of prosecution. WBE argues that the State failed to provide discovery answers until the week of the pretrial conference, that part of the delay was due to WBE declaring bankruptcy, and that the case was complicated and document-intense. WBE further points to the fact that no previous orders of dismissal had been entered and that a new lawsuit would be barred by the statute of limitations as reasons why the district court abused its discretion in dismissing the case. We find no merit to WBE's arguments.

Under Neb. Rev. Stat. § 25-1149 (Reissue 2008), a district court has discretionary power to dismiss a case without prejudice for want of prosecution. *Jones v. Jones, supra*. Such a dismissal is also within the inherent power of the court. *Talkington v. Womens Servs., supra*. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the trial courts. *Id.*

Important considerations in determining whether to dismiss a case for lack of prosecution include whether a new suit is barred by the statute of limitations, the length of the delay, excuses for the delay, and whether previous dismissals for want of prosecution have been entered. *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978). Each case must be looked at with regard to its own peculiar procedural history, and the situation at the time of the dismissal. *Id.*

As the district court pointed out in its order of dismissal, despite the entrance of numerous progression and scheduling orders, "the case is no nearer to trial than it was [when] the matter was first scheduled for trial in August of 2007." Although WBE now argues that the State's late response to discovery impeded its preparation for trial, WBE previously filed multiple certificates of readiness for trial indicating that discovery and necessary preparation had been completed and that it was ready to proceed.

WBE also points to the fact it was in bankruptcy for a period of time while the case was pending. However, even accounting for the stay for the bankruptcy proceedings, the case was still active on the court's dockets for close to six years. And yet, by the pretrial hearing, WBE remained unprepared for trial, including not being able to produce an itemization of damages or an exhibit list. Although WBE argues that dismissal of the case for want of prosecution was an abuse of discretion because the statute of limitations would bar a new cause of action, it appears that the court provided WBE with repeated opportunities to pursue its claim against the State.

Despite numerous continuances and delays, WBE remained unprepared to proceed to trial nearly nine years after the complaint was originally filed. Accordingly, we conclude that the district court did not abuse its discretion in dismissing the case for lack of prosecution.

## CONCLUSION

We find no merit to WBE's argument that the district court abused its discretion by dismissing the case for want of prosecution. Accordingly, we affirm the court's order of dismissal.

AFFIRMED.