Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/22/2019 08:08 AM CST

Virginia Fidler and Keith Fidler, appellees,
v. Life Care Centers of America, Inc.,
doing business as Life Care Center
of Elkhorn, et al., appellants.
___ N.W.2d ___

Filed November 30, 2018.    No. S-17-1243.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.

3. **Final Orders: Appeal and Error.** An order is final for purposes of appeal under Neb. Rev. Stat. § 25-1902 (Reissue 2016) if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.

4. **Final Orders: Motions to Dismiss: Appeal and Error.** There is no blanket rule that every order vacating a dismissal and reinstating a case is final and appealable; rather, the statutory criteria of Neb. Rev. Stat. § 25-1902 (Reissue 2016) must be applied to determine whether the order appealed from is final.

5. **Final Orders: Appeal and Error.** Broadly stated, an order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.

6. ____: ____. Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter. It also depends on whether the right could otherwise effectively be vindicated. An order affects a substantial right when the right would

be significantly undermined or irrevocably lost by postponing appellate review.

7. **Final Orders: Case Disapproved: Appeal and Error.** The Nebraska Supreme Court's decision in *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993), is disapproved to the extent it held that the order appealed from affected a substantial right by destroying a defense in a future hypothetical action. The decisions in *Gutchewsky v. Ready Mixed Concrete Co.*, 219 Neb. 803, 366 N.W.2d 751 (1985); *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982); and *Fanning v. Richards*, 193 Neb. 431, 227 N.W.2d 595 (1975), are disapproved to the extent that they implicitly rely upon that same reasoning in *Jarrett*.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Appeal dismissed.

Mark E. Novotny and Cathy S. Trent-Vilim, of Lamson, Dugan & Murray, L.L.P., for appellants.

Shayla Reed, of Reed Law Offices, P.C., L.L.O., for appellees.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PER CURIAM.

## INTRODUCTION

After the district court administratively dismissed a negligence action for failure to timely submit a proposed scheduling order, it granted a motion to reinstate the case. This appeal followed. Because we conclude that the district court's reinstatement order was not a final, appealable order, we dismiss the appeal. In doing so, we disapprove of several decisions to the extent that they conflict with our reasoning here.

## BACKGROUND

Virginia Fidler resided at a skilled nursing and rehabilitation facility in Elkhorn, Nebraska, from September 16 to 21, 2013, while recovering from an infection. During Virginia's

stay at the facility, a large blood clot developed on her left lower leg which thereafter required hospitalization and emergency surgery.

Virginia and Keith Fidler brought this professional and medical malpractice action against Life Care Centers of America, Inc., doing business as Life Care Center of Elkhorn, and related entities (collectively Life Care Centers) arising from allegedly negligent conduct. The Fidlers claimed that Virginia suffered permanent nerve damage and functional loss in her leg due to a delay of treatment occasioned by Life Care Centers' negligence. The Fidlers filed the action on September 8, 2015.

Because no proposed scheduling order had been filed, a "Notice of Intent to Dismiss" was filed by the district court administrator on January 31, 2017. The notice stated it was issued "[p]ursuant to Rule 4-10" and was "sent to inform each party that, within thirty (30) days from the date of this notice, you must submit a Proposed Scheduling Order (PSO) indicating" various items reflecting the status of the case or the case would be dismissed. The notice also provided that if the case were so dismissed, "[p]ursuant to Rule 4-10(C), . . . the judge to whom the case is assigned has the discretion to reinstate the case." On March 6, the case was administratively dismissed for lack of prosecution.

On July 17, 2017, the Fidlers filed a motion to set aside the order of dismissal and reinstate the case. They attached to their motion an affidavit of counsel setting forth a detailed accounting of the activity that had occurred in the case, designed to show that the parties had been actively prosecuting the case. The affidavit of the Fidlers' counsel also stated that due to an error, the 30-day deadline contained in the notice was not entered on the calendar.

The district court conducted an evidentiary hearing on August 8, 2017, at which the affidavit of the Fidlers' counsel was received. Following briefing by both parties, the court entered an order on November 16 reinstating the case. The

court noted that the Fidlers presented an affidavit showing they were properly pursuing prosecution of the case and that they submitted a proposed scheduling order. The court found good cause to reinstate the case and further stated that "dismissal of this matter would be an extreme remedy and would be a miscarriage of justice." The court also stated that reinstatement of the case would not prejudice Life Care Centers. With minor alteration, the court executed the proposed scheduling order submitted by the Fidlers.

Life Care Centers appeals.

## ASSIGNMENTS OF ERROR

Life Care Centers claims, restated, that (1) the district court erred when it applied the local rules regarding reinstatement of cases instead of Neb. Rev. Stat. § 25-201.01 (Reissue 2016) to decide whether to reinstate the case and (2) even if the local court rule for case progression applies, the district court erred when it found that the Fidlers had demonstrated good cause for reinstatement.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[1]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.[2] There was no judgment entered finally determining the rights and liabilities of the parties. Therefore, our inquiry focuses on the order vacating dismissal

---

[1] *State ex rel. Rhiley v. Nebraska State Patrol, ante* p. 241, 917 N.W.2d 903 (2018).

[2] *Id.*

and reinstating the case. Neither party contests the validity of the order administratively dismissing the action, and for purposes of this opinion, we assume that the dismissal order was valid and effective.

[3,4] Appellate jurisdiction turns on whether the order vacating dismissal and reinstating the case was a final order under Neb. Rev. Stat. § 25-1902 (Reissue 2016). An order is final for purposes of appeal under § 25-1902 if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered.[3] In *Deines v. Essex Corp.*,[4] we clarified there is no "blanket rule that every order vacating a dismissal and reinstating a case is final and appealable. Rather, the statutory criteria of § 25-1902 must be applied to determine whether the order appealed from is final."[5]

[5,6] Broadly stated, an order affects a substantial right if it """"affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing."""[6] Our final order jurisprudence recognizes that it is not enough that a right be substantial; the effect of the subject order on that right must also be substantial.[7] "Whether the effect of an order is substantial depends on '"whether it affects with finality the rights of the parties in the subject matter."'"[8] It also depends on whether the right could be effectively vindicated absent interlocutory review; an order affects a substantial right when

---

[3] See *Cullinane v. Beverly Enters. - Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018).

[4] *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016).

[5] *Id.* at 580, 879 N.W.2d at 33.

[6] *Id*. at 581, 879 N.W.2d at 33-34.

[7] See *Deines, supra* note 4.

[8] *Id*. at 581, 879 N.W.2d at 33.

the right would be significantly undermined or irrevocably lost by postponing appellate review.[9]

Life Care Centers relies on our reasoning in *Jarrett v. Eichler*[10] to argue that a substantial right was affected by the order reinstating this case to the active docket. In *Jarrett*, a negligence action was timely filed, but was dismissed for want of prosecution after the statute of limitations expired. In considering whether the order vacating the dismissal and reinstating the action was a final, appealable order, we found it significant that the plaintiff would not have been able to successfully file a new negligence action, because the defendants "could have prevailed on a statute of limitations defense."[11] From there, we reasoned that the order reinstating the case "destroyed [a] defense which was previously available to appellant" and thus affected a substantial right.[12] *Jarrett* did not consider the effect of the savings clause in § 25-201.01, as that statute was not enacted until several years after *Jarrett* was decided.

*Jarrett* supports, we acknowledge, the argument that the order appealed from here is a final order. However, our "substantial right" analysis in *Jarrett* focused on the wrong action. Rather than asking whether a substantial right of the parties in the subject action was affected by reinstatement, *Jarrett* focused on whether reinstatement would affect a substantial right available in a new, hypothetical action. That misdirected focus caused us to answer the wrong question and allowed us to find a final, appealable order where none existed.

In *Jarrett*, we relied upon two earlier decisions, neither of which compelled our reasoning regarding the statute of limitations in a future case. First, we relied upon *Gutchewsky*

---

[9] *Deines, supra* note 4.

[10] *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993).

[11] *Id*. at 314, 506 N.W.2d at 685.

[12] *Id*.

*v. Ready Mixed Concrete Co.*[13] However, in that case, we did not consider our jurisdiction over an appeal from an order vacating an earlier dismissal. Instead, we cited case law addressing the merits of a reinstatement order, noting that the "'fact that a new suit would be barred is an important consideration . . . .'"[14] This first case did *not* stand for the proposition that the inability to assert a statute of limitations defense in a future, hypothetical case affected a substantial right in the current case. Second, we cited to *A. Hirsh, Inc. v. National Hair Co.*[15] In that case, we did not even mention a statute of limitations, although it seems clear that the case had pended beyond the limitation. We did not discuss jurisdiction. The most that can be said for either of these earlier cases is that because we did not discuss jurisdiction, we implicitly determined that it existed. But neither case discussed whether a reinstatement order affected a substantial right because of an inability to raise a statute of limitations defense in the reinstated case.

A respected commentator noted that in *Jarrett*, this court could have held that the order under review was not final but that to do so would have required us "to say that [we had] made a mistake in reviewing the order in five cases."[16] In addition to the two discussed in the preceding paragraph, the commentator identified three other cases.[17] In one of these decisions, *Fanning v. Richards*,[18] we addressed a reinstatement order

---

[13] *Gutchewsky v. Ready Mixed Concrete Co.*, 219 Neb. 803, 366 N.W.2d 751 (1985).

[14] *Id*. at 806, 366 N.W.2d at 753 (quoting *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978)).

[15] *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982).

[16] See John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239, 248 (2001).

[17] *Id*. at 248 n.46.

[18] *Fanning v. Richards*, 193 Neb. 431, 227 N.W.2d 595 (1975).

(after a dismissal for lack of prosecution) without discussing jurisdiction or the substantial right supposedly affected by the reinstatement order. There is no indication in our opinion that a statute of limitations had expired. And we simply did not discuss jurisdiction. In the two other cases, *Vacca v. DeJardine*[19] and *Jones v. Nebraska Blue Cross Hospital Service Assn.*,[20] we addressed appeals for orders vacating default judgments and permitting suits to go forward. In both of these cases, the affected party had secured a judgment, of which it was deprived by the appealed order. There, the judgment creditor's right to collect by execution of its judgment in the current case—not some future, hypothetical case—was affected by taking away that default judgment. We do not agree that those two cases were wrongly decided.

[7] We conclude that our final order jurisprudence would be strengthened by expressly disapproving of the statute of limitations reasoning in *Jarrett*, and we do so to the extent that *Jarrett* held that the order appealed from affected a substantial right by destroying a defense in a future hypothetical action. We also disapprove of *Gutchewsky*[21]; *A. Hirsh, Inc.*[22]; and *Fanning*[23] to the extent that they implicitly rely upon that same reasoning in *Jarrett*.

We instead emphasize that courts should apply the statutory criteria of § 25-1902 to determine whether orders vacating dismissal and reinstating cases are final and appealable.[24] Doing so here, we conclude Life Care Centers has not appealed from a final order.

---

[19] *Vacca v. DeJardine*, 213 Neb. 736, 331 N.W.2d 516 (1983).

[20] *Jones v. Nebraska Blue Cross Hospital Service Assn.*, 175 Neb. 101, 120 N.W.2d 557 (1963).

[21] *Gutchewsky, supra* note 13.

[22] *A. Hirsch, Inc., supra* note 15.

[23] *Fanning, supra* note 18.

[24] See *Deines, supra* note 4.

Life Care Centers contends the order affected a substantial right for two reasons: "[T]he case was reinstated (1) after the statute of limitations had expired and (2) after [the Fidlers] retained an expert to testify as to liability and causation."[25] On this record, neither circumstance affects a substantial right in this action.

First, because to that extent *Jarrett* was wrongly decided, it makes no difference to our substantial right analysis that Life Care Centers may have a viable statute of limitations defense to a hypothetical new action brought by the Fidlers. We consider only the existing case, as, obviously, no new case was filed by the Fidlers. And our final order inquiry asks whether a substantial right in the instant case, not a hypothetical future case, was affected by the order of reinstatement.

Nor are we persuaded by the argument that the order of reinstatement affected a substantial right due to the Fidlers' retention of an expert witness. Life Care Centers argues that when the case was dismissed, the Fidlers had not yet retained an expert to testify regarding liability or causation, but that by the time the case was reinstated several months later, they had. Life Care Centers does not suggest the Fidlers would have been unable, absent the dismissal, to retain an expert, nor do they explain how the relatively common development of hiring an expert to prepare a medical negligence case for trial affected a substantial right.

The fact that an order of reinstatement may allow the case to move forward to trial does not, without more, mean the order affects a substantial right of the opposing party.[26] And although reinstatement of this case may require Life Care Centers to defend this case to conclusion, that was true before dismissal as well, and the "'[o]rdinary burdens of trial do not necessarily affect a substantial right.'"[27]

---

[25] Brief for appellants at 1.

[26] See *Deines, supra* note 4.

[27] *Id.* at 582, 879 N.W.2d at 34.

On this record, the most that can be said regarding the effect of the order vacating dismissal and reinstating the case is that it put the parties back in roughly the same litigation posture as before the action was dismissed. There is nothing about the order reinstating this case that affected with finality the parties' rights in this action. And there is no evidence that any right would be diminished, undermined, or lost by postponing appellate review of the order until after this case proceeds to final judgment. Where, as here, reinstatement cannot be shown to affect a substantial right in the action, there is no reason to disrupt the orderly progression of the case and postpone final resolution of the parties' claims and defenses by entertaining an interlocutory appeal.

## CONCLUSION

Because we lack jurisdiction to consider the order appealed from, we dismiss the appeal.

APPEAL DISMISSED.